WILLIAM T. DEES, LAURA A. DEES, HIS WIFE, SAMUEL C. LUKINS, TRUSTEE, THE LUKINS GULF CYPRESS COMPANY AND H. W. STEINHILPER, *Appellants,* v. HENRY C. COOK, *Appellee.*

1. Where a bill was filed in 1902 to remove alleged clouds from the title to real estate and while the cause was still pending in 1903 the complainant sold and conveyed by warranty deed to another, not a party to the suit, the real estate described in the bill, the suit became defective by the sale and conveyance, and no valid decree could be rendered in the absence of the purchaser, as a party to the suit.

Dees *et al.* v. Cook—Opinion of Court.

2. An appeal may be taken from a final decree at any time after it is signed by the judge and within six months after the recordation of the same upon the minutes of the court.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Lafayette County.

The facts in the case are stated in the opinion of the court.

*Horatio Davis* and *J. A. Williams,* for Appellants;

*Fleming & Fleming,* for Appellee.

HOCKER, J.—On the 14th of June, 1902, the appellee Cook filed his bill in chancery against William T. Dees, Laura A. Dees and Samuel C. Lukins, trustee, in the Circuit Court of Lafayette County, for the purpose of having certain sales and deeds declared to be clouds upon the title to certain real estate described in the bill. In September, 1902, a supplemental bill was filed by leave of the Circuit Judge, making the Lukins Gulf Cypress Company and H. W. Steinhilper parties to the suit and asking an injunction and other relief against them, as to the said real estate. Answers were filed to the bill and supplemental bill by some of the defendants, contesting the complainants rights in said real estate. Issues were made up and testimony taken and filed. It appears from a deed introduced in evidence by the defendants that on the 10th day of December, 1903, the complainant Cook sold and conveyed by warranty deed the real estate involved in this suit to one J. Henry Cochran of Williamsport, Pennsylvania.

On the 6th day of August, 1908, the Circuit Judge

signed a decree deciding the equities of the cause in favor of complainant Cook, and any person holding under him. No mention by name being made of Cochran. This decree is endorsed "Filed November, 4th, 1908. Henry Lancaster, Clerk."

It is also endorsed:
"State of Florida,
Lafayette County.

Filed for record the 24th day of November, A. D. 1908, and duly recorded in Chancery Order Book I at page 283 to 285.

Record verified.

Henry Lancaster,
Clerk of the Circuit Court,
By Robert Lancaster, D. C."

The appeal from this decree was entered on the 7th of May, 1909.

It also appears from the record that on the 4th of November, 1908, I, Henry Cochran filed a petition for leave to file a bill in the nature of a supplemental bill, setting up among other things the sale and conveyance of the lands in controversy to himself by complainant Cook of all his interests in said lands. It does not appear that this petition was ever presented to the Circuit Judge, or any order made thereon, but on the same day viz: 4th November, 1908, the supplemental bill was filed with the Clerk by Cochran. It is contended here that the decree appealed signed the 6th August, 1908, in favor of Cook is void inasmuch as at the time it was signed, filed and recorded, Cook has long before sold and conveyed all his interests in the real estate involved to Cochran, who had not been made a party to the proceedings. We think it clear that under the recognized chancery practice as well as under our chancery rule 39, the suit became defective by the sale and conveyance of Cook to Cochran, and no

valid decree could be entered in the case, in the absence of Cochran as a party to the suit. Story Eqr. Pl. (10th Ed.) §§ 346, 348, 349; Fletcher Eqr. Pl. & Pr. §§ 44, 828; Mason v. York & Cumberland R. R. Co., 52 Me. 82, text 107; Mills v. Hoag, 7 Paige's Ch. (N. Y.) 18; Van Hook v. Throckmorton, 8 Paige's Ch. (N. Y.) 32.

Appellees suggest that the appeal in this case is invalid because as is contended, it was not taken within six months after November 4th, 1908, when the decree was filed by the Clerk. The record however, shows that the appeal was filed for record and recorded in the Chancery Order Book on the 24th November, A. D. 1908.

Section 1907, General Statutes 1906, reads as follows: "Limitation of Time.—Appeals in chancery whether from final decrees or from interlocutory orders or decrees must be taken within six months after entry of the order or decree appealed from." There is no prohibition in this section against the taking of an appeal before the entry of a decree or order. It simply provides that no appeal shall be taken after the operation of six months from the entry of such decree or order.

The entry of the decree referred to in this section is doubtless the entry in the minutes of the court required by § 1900, General Statutes 1906.

This section provides that "Decrees in equity may be signed by the Judge when pronounced and shall be recorded upon the minutes of the court without any other enrollment and no process shall be issued or other proceedings had on any final decree or order until the same shall have been signed and recorded as aforesaid."

This section prohibits any step towards the enforcement of a final decree or order until the same shall have been signed and recorded as aforesaid, but it does not render a decree absolutely lifeless until it is so recorded, and we discover nothing in the statutes which prohibits

an entry of appeal from a decree after it is signed by the judge and filed in the cause before it is recorded in the minutes of the Court.

The contention that the appeal was not taken within proper time, we do not think is sustained.

The decree appealed from is reversed and the case remanded for such further proceedings as the parties may be advised to take.

All concur, except TAYLOR, J., absent on account of illness.