ONEIDA LAND COMPANY, A CORPORATION, *Appellant,* v. ADAM C. RICHARDS *et al., Appellees.*

Opinion Filed July 25, 1916.

An appeal in an equity cause, taken subsequently to the rendition of a final decree therein, solely and expressly from an interlocutory order therein, that does not bring up such final decree for review, cannot be considered by the appellate court and will be dismissed.

Appeal from Circuit Court, Dade County; M. F. Horne, Judge.

Appeal dismissed.

*Shutts, Smith & Bowen,* for Appellant;

*Atkinson & Burdine,* for Appellees.

SHACKLEFORD, J.—This is an appeal by the Oneida Land Company, a corporation, from an interlocutory order made on the 16th day of November, 1915, granting the motion of the complainants to strike the answer of the defendant. Such answer was filed, as was also the motion to strike the same, under the provisions of Chapter 6907 of the Laws of Florida, Vol. 1 of the Acts of 1915, page 245. Several interesting questions are presented on this appeal, but we are precluded the consideration of the same for the reasons which we shall now proceed to state.

Upon the presentation of a certified copy of the transcript of the record, the clerk's certificate appended thereto reciting that "the foregoing is a true and correct copy of all pleadings, orders, motions and other papers filed in the above case by both parties up to and including the

day of entry of appeal," to the Chief Justice of this Court, such Chief Justice, on the 10th day of March, 1916, granted an order of supersedeas.  On the 20th day of March, 1916, the appellees filed a motion to vacate and set aside the order granting a supersedeas upon the grounds and for the reasons set forth in such motion.  Upon the transcript of the record as it then stood, being the same copy that was presented to the Chief Justice, at the time of the application for a supersedeas, and upon the consideration of the motion and of the papers attached thereto, we made an order on the 23rd day of March, 1916, denying such motion.  We have now reached the case in its regular order and have taken the same up for consideration.  We find from the transcript of the record, which was prepared under and in accordance with the Rules of this Court governing the preparation of transcripts and was filed here on the 1st day of April, 1916, that the interlocutory order appealed from was made on the 16th day of November, 1915, as we have already said, that the defendant corporation was granted until the 15th day of December, 1915, in which to make a further answer, that it failed so to do, an order was made referring the cause to a special master in chancery, on the 13th day of January, 1916, directing him to "take such testimony as shall be produced to him by the complainants, and compute and find the amount due from defendant to complainants on the note and mortgage sued on," and to report the matter to the Court without delay.  We find that the transcript further discloses that such special master made his report to the court on the 1st day of February, 1916, and that on the 18th day of such month the court rendered a final decree in favor of the complainants, settling all the equities between the parties and containing the following recital:

"This cause coming on to be heard before me, Judge of the Third Judicial Circuit of the State of Florida, due to the disqualification of Hon. H. Pierre Branning, Judge of the Eleventh Judicial Circuit of the State of Florida, upon bill of complaint herein, and it appearing that the defendants herein have been duly served with process; and that the said defendant did appear and file its answer, but that the said answer, on motion of complainants to this court, was stricken, and that thereafter the said defendant, Oneida Land Company, Inc., having been several times called to plead, answer or demur to the complainant's bill of complaint, came not; and it further appearing that a decree pro confesso was entered against the said defendant Oneida Land Company, for failure of said defendant to plead, answer or demur to said bill of complaint,

"*It is therefore ordered, adjudged and decreed* that the said bill of complaint be taken for confessed against the said defendant Oneida Land Company Inc., a corporation."

We further find that the appeal from the interlocutory order striking the answer of the defendant was not entered until the 24th day of February, 1916, nearly a week after the rendering of the final decree, though the transcript does not show when the final decree was filed in the clerk's office or recorded in the minutes of the court. See the discussion in Dees v. Cook, 58 Fla. 420, 51 South, Rep. 138.

As we have several times held, "An appeal in an equity cause, taken subsequently to the rendition of a final decree therein, solely and expressly from an interlocutory order therein, that does not bring up such final decree for review, cannot be considered by the appellate court and will be dismissed." Stanley v. Standard Cypress Co., 54

Fla. 583, 45 South. Rep. 478, where prior decisions of this court will be found cited. To the same effect see Banks v. Guinyard, 63 Fla. 334, 58 South. Rep. 229.

As the parties litigant have proceeded to argue the interesting questions presented on this appeal, it is a source of regret to us that we cannot consider and pass upon them, but, as is held in the cited cases, the appeal must be dismissed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.