GUNN REALTY COMPANY, *Appellant*, v. KATE C. DUTTON AND HENRY F. DUTTON, JR., AS EXECUTORS OF H. F. DUTTON, DECEASED, *Appellees*.

Opinion Filed August 13, 1918.

Where an appeal is from the interlocutory decrees and it appears that the decree entered is not a final decree, and there is no error in the interlocutory decrees they will be affirmed.

Appeal from Circuit Court for Levy County; J. T. Wills, Judge.

Decree affirmed.

*Fred Cubberly,* for Appellant;

*E. G. Baxter,* for Appellees.

WHITFIELD, J.—In a suit brought to enjoin the sale of lands under an execution issued on a judgment obtained by the executors of Henry F. Dutton against C. W. Sproull, T. W. Shands and S. J. Gunn, in an action on a promissory note, the amended bill of complaint alleges that the complainant, Gunn Realty Company, a corporation, is "in possession of, and is the owner in fee simple" of the lands, and "was in no wise a party to or interested in" the note or in the action thereon or the judgment obtained thereon, and "had no notice whatever of the same," and that the judgment was obtained "long subsequent to the conveyance of said lands to" complainants. A temporary restraining order was issued. The second amended answer of the defendants contains the following:

"2. Answering further the defendants say that the indebtedness for which a judgment against C. W. Sproull, T. W. Shands and S. J. Gunn was obtained in the Circuit Court of Alachua County, Florida, in which suit at law on a promissory note for Five Thousand ($5000.00) Dollars, accrued in 1908; that the said indebtedness was represented by a promissory note in which the defendant, S. J. Gunn, was a party, and liable to pay. in the year 1908; defendants say that in the year 1912 no part of said note had been paid by the maker thereof, and the defendant, S. J. Gunn, realizing his liability on said note, and to avoid the payment of same, joined by his wife, Mrs. Corda Gunn, on October 4th, 1912, conveyed all of

his lands in Levy County and elsewhere to one, Mrs. Cordelia Amsden, of Allegan County, Michigan; that the said Mrs. Amsden was, and is, the mother of the said S. J. Gunn; that the said deed was recorded in Levy County, Florida, on October 17th, 1912, in Deed Book 9, at page 128, and recites that the consideration was Ten ($10.00) Dollars, and other valuable consideration; that on October 5th, 1912, the said Mrs. Cordelia Amsden, mother of the said S. J. Gunn, conveyed the said lands to Mrs. Corda Gunn, wife of the said S. J. Gunn, which deed was recorded on October 17th, 1912, in Deed Book 9, at pages 129-30, and recites a consideration of Ten ($10.00) Dollars, and other valuable considerations; that conveyances from Mrs. Corda Gunn to complainant is dated April 30th, 1914; the defendants aver that the conveyances above set forth were had and done by the said S. J. Gunn for the purpose of defrauding his creditors and in order to secrete his property so as not to have to pay the note which he had executed with C. W. Sproull and T. W. Shands as above set forth; that no consideration passed from Mrs. Cordelia Amsden to S. J. Gunn and Mrs. Corda Gunn, nor from Mrs. Cordelia Gunn to Mrs. Amsden; nor from complainant to Mrs. Gunn; defendants say that complainant's grantor for the lands described in said Bill was the said Mrs. Corda Gunn, and that the various conveyances above described are and were mere subterfuges, and made for the purpose of secreting the lands from the defendants and possibly other creditors of the said S. J. Gunn, by the said S. J. Gunn and said other parties. Defendants further allege that the incorporators and stockholders of the said Gunn Realty Company, complainant herein, are the said S. J. Gunn, husband of said Mrs. Corda Gunn, C. J. Gunn, son of the said S. J. Gunn and Mrs. Corda Gunn, and J. B.

Adkins, son-in-law of the said S. J. Gunn and Mrs. Corda Gunn; that the said S. J. Gunn was President of the complainant corporation, the said J. B. Adkins was Vice-President and the said C. J. Gunn was Secretary-Treasurer; that the aforesaid parties were the only incorporators, stockholders, and officers of the complainant corporation at the time the same was organized and this alleged deed from Mrs. Corda Gunn, conveying said land to said corporation, was made; that the said complainant corporation, through its officers and stockholders, had full knowledge that the conveyance from Gunn and wife to Mrs. Amsden, and from Mrs. Amsden to Mrs. Corda Gunn, and from Mrs. Corda Gunn to complainant were subterfuges and fraudulent, and for the purpose of secreting the property of the said S. J. Gunn from the defendants and possibly others of his creditors; that said corporation had full knowledge of all the facts with reference to the indebtedness of S. J. Gunn as hereinbefore alleged." The court overruled exceptions of the complainant taken for insufficiency to this portion of the answer, and "ORDERED, ADJUDGED AND DECREED that the said motion to dissolve the said injunction and dismiss the said bill be, and the same is hereby, granted, and said injunction is hereby dissolved." The complainant appealed from the "decree" "dissolving the injunction" and also from the "order refusing to sustain the exceptions of complainant to the amended answer of the defendants." The decree is that the "motion to dissolve the injunction and dismiss the bill" is granted "and the said injunction is hereby dissolved." This decree may be construed as granting the motion to dissolve and dismiss, only as to the dissolution of the injunction, and the entry of the appeal indicates that the appellants then so construed the decree. As an appeal from the interlocu-

tory orders overruling exceptions to a portion of the answer and dissolving the injunction would be ineffectual if taken after a final decree dismissing the bill, unless the final decree is also appealed from, (Price v. Horton, decided at this term; Oneida Land Co. v. Richards, 72 Fla. 116, 72 South. Rep. 646; Banks v. Guinyard, 63 Fla. 334, 58 South. Rep. 229; Stanley v. Standard Cypress Co., 54 Fla. 583, 45 South. Rep. 478; Wilder v. Dunne, 45 Fla. 662, 33 South. Rep. 508; Burnham, v. Driggers, 44 Fla. 168, 32 South. Rep. 796), and as the entry of appeal is expressly confined to the "decree" "dissolving the injunction" and to the "order refusing to sustain the exceptions of complainant to the amended answer of the defendant," and as the appellants will be presumed to have intended to take an effective appeal, the decree will be regarded as one overruling exceptions to the answer and dissolving the injunction, but not dismissing the bill of complaint, such decree considered in its entirety being reasonably so construed.

There was manifestly no error in overruling the exceptions to the quoted portion of the answer and no abuse of discretion in dissolving the temporary injunction appears. As we regard the decree to be not one dismissing the bill of complaint, the decree as appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.