JOHN N. C. STOCKTON, ET AL., APPELLANTS, VS. ARCHER HARMON, ET AL., APPELLEES.

1. Where an appeal is taken from those provisions of a decree which vacate expressly a former order granting an injunction and appointing a receiver, and no appeal is taken from the provison of the same decree which dismisses the bill, an order directing that such appeal operate as a supersedeas will be set aside and the supersedeas vacated as unauthorized.

2. An entry of appeal cannot be amended in the appellate court.

3. The doctrine in State vs. J. P. & M. R. R. Co., 15 Florida Reports, on page 286, as to appointing receivers of railroads, without notice, approved.

4. The practice of granting a restraining order for several days until the motion for an injunction can be heard, without requiring an indemnity bond is contrary to the provisions and policy of our statute (Section 1465, Revised Statutes).

5. An amendment of a by-law which merely changes the number necessary to constitute a quorum of a board of directors, does not alter another by-law which requires a vote of two-thirds of the directors to suspend or remove an officer of the company.

6. The case made by the bill held to be palpably insufficient to justify the appointment of a receiver, and clearly deficient as authorizing an injunction except as to action alleged to have been taken by three of the directors on the theory that they constituted a quorum or had power to remove officers of the company.

Motion to vacate Supersedeas.

The facts in the case are stated in the opinion of the court.

*H. H. Buckman* and *H. Bisbee* for the motion.

*Cooper & Cooper* contra.

RANEY, C. J. :

There is in this cause a final decree bearing date August 3rd, 1893, dismissing the bill, and in the former part of the same entry there are provisions which expressly vacate the interlocutory orders for injunction and a receiver which had on a prior day been granted without notice. There is an appeal from so much of the decree of August 3rd, as vacates such prior orders, but none from the dismissal of the bill. There is also an order of the Circuit Judge directing that the appeal shall operate as a supersedeas, and bond has been given as required by this order. In the absence of an appeal from the action of the lower court in dismissing the bill, appellants cannot be heard to question the vacation of the orders doing away with the injunction and receivership, and for this reason the order of supersedeas must be vacated as unauthorized and illegal; but as there may be another entry of appeal in the lower court, the existing entry not being the subject of amendment here, and the same matters urged before us now as to the frivolity of the case made by the bill, and consequently of the appeal, may be presented again, we deem it proper to say:

1st. That there is palpably no case made by the bill for a receiver, and that the appointment of a receiver was entirely without justification; and in this connection we wish to say that we approve entirely of the remarks to be found in the case of State vs. J., P. & M.

R. R. Co. *et .a*[7]., 15 Fla., on page 286, as to appointing receivers of railroads without notice.

2nd. The bill is also entirely deficient as to an injunction in so far as the protection of any property rights of the complainants, Stockton and Denham, or either of them, are concerned. There is exhibited no such jeopardy of any property rights of Stockton or Denham, individually or as stockholders or directors, or of any one else, as justified an injunction or a receiver. The practice of granting, without requiring an indemnity bond, a restraining order or injunction for the period that the order was allowed in this case, is contrary to the provisions and policy of our statute (Section 1465, Rev. Stat.).

3rd. It, however, can not be said that it is clear that no case is made by the bill as to the illegality of the action of Harmon, Scott and Buckman, in acting as a quorum of the board of directors. It is not clear that a quorum was duly changed from four to three, and even admitting that such change was made, there is no pretense that any alteration was ever made of the by-law (sec. 7), which requires a vote of two-thirds of the directors to suspend or remove an officer filling an office created by the stockholders of the company. We of course do not regard the general manager as such an officer, but the secretary and treasurer are clearly such. Were there a proper appeal we should at least continue the supersedeas as to any and all action taken, or to be taken, upon the theory that three constituted a quorum, or that less than two-thirds of the directory can suspend or remove a person from an office created by the stockholders.

4th. Otherwise than as stated above, there is no such condition of affairs shown by the record as justifies a court of equity in interfering with the managment of the

properties of either company by its officers according to its by-laws, and the principles of law governing in such matters. Am. L. &. T. Co. vs. Toledo, C. &. S. R. Co., 29 Fed. Rep., 416.

5th. It may also be observed that no bond has been required of the receiver.

An order will be entered vacating the order of supersedeas made by the Circuit Judge on August 3rd, 1893.