JAMES H. STANLEY AND RAYMIE B. STANLEY, HIS
WIFE, *Appellants,* v. STANDARD CYPRESS COM-
PANY, A CORPORATION, *Appellee.*

APPELLATE PRACTICE—WHERE THERE IS A VOID ENTRY OF AP-
PEAL A PERFECTED ENTRY MAY BE MADE WITHOUT FORMAL
DISPOSITION OF SUCH VOID ENTRY—APPEAL FROM INTER-
LOCUTORY DECREE THAT DOES NOT BRING UP FOR REVIEW
A FINAL DECREE RENDERED BEFORE THE ENTRY OF APPEAL,
CANNOT BE CONSIDERED AND WILL BE DISMISSED.

1. Where an entry of appeal in a chancery cause is void because
made returnable contrary to law, a perfected entry of appeal
may be made without any formal disposition of such void
entry. Such void entry being a nullity may be wholly ignored.

2. An appeal in an equity cause, taken subsequently to the rendi-
tion of a final decree therein, solely and expressly from an
interlocutory order therein, that does not bring up such final
decree for review, cannot be considered by the appellate court
and will be dismissed.

This case was decided by the court *En Banc.*

Appeal from the Circuit Court for Duval County.

The facts of the case are stated in the opinion of
the court.

*I. L. Purcell,* for Appellants;

*W. B. Young,* for Apellee.

PER CURIAM.—This cause came on to be heard upon
motion of the appellee to dismiss the appeal taken
herein.

There are two entries of appeal in the cause, the first
entered on the 29th day of August, 1907, returnable to
the first day of the January term 1908, the second entered

on the 26th day of September, 1907 and made returnable on the 28th day of November, 1907. The appellee's motion is to dismiss this last appeal entered on September 26th, 1907, upon the ground that at the time of its entry there was already pending another appeal in the same cause and from the same order therein. Under the provisions of Chapter 5638 statute laws of 1907, the first of the above attempts at an appeal entered on August 29th, 1907, and made returnable to the first day of the January term 1908 was a nullity because said statute required all appeals to be made returnable to a day more than thirty, but not more than ninety, days from the date of their entry. The first appeal being a nullity did not stand in the way of the entry of a proper appeal made properly returnable. Parker v. Evening News Pub. Co. 54 Fla. 544, 44 South. Rep. 718. The motion to dismiss upon the grounds made, cannot, therefore, be granted; but the court upon inspection of the transcript for the purposes of said motion, finds that there was a final decree entered in said cause on the 21st day of August, 1907, from which no appeal has been taken, the said entry of appeal made on September 26th, 1907 and made returnable to the 28th day of November, 1907, being in express terms confined to an interlocutory order in the case overruling a plea of the defendant to the bill of complaint. Under the repeated rulings of this court an appeal taken solely and expressly from an interlocutory order in a cause in equity, subsequently to the rendition of a final decree in the cause, that does not bring up such final decree for review, cannot be considered here, and such an appeal will be dismissed.

Stockton v. Harmon, 32 Fla. 312, 13 South. Rep. 833; Burnham v. Driggers, 44 Fla. 168, 32 South.

Rep. 796; Wilder v. Dunne, 45 Fla. 662, 33 South. Rep. 508.

Following this rule the said appeal in said cause must, therefore, be, and the same is hereby, dismissed, at the cost of the appellants.

All concur.