ANNIE BANKS, *alias* ANNIE SMITH AND HENRY BANKS, *Appellants,* v. WILLIE GUINYARD, *Appellee.*

1. A decree in a partition suit adjudicating the rights and interests of the respective parties in the lands sought to be partitioned, ordering partition thereof and appointing commissioners to make the same, is interlocutory merely, and not

final; but a decree in such a suit ordering a sale of the property by the commissioners based upon their report that partition cannot be made without great prejudice to the owners of the lands, is final.

2. An appeal in an equity cause, taken subsequently to the rendition of a final decree therein, solely and expressly from an interlocutory order therein, that does not bring up such final decree for review, cannot be considered by the appellate court and will be dismissed.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*G. E. Mabry,* and *H. S. Hampton,* for Appellants;

*Dickenson & Dickenson,* for Appellee.

WHITFIELD, C. J.—This is a proceeding for partition of real estate. A decree was rendered May 26, 1911, adjudicating the interests of the parties and appointing commissioners to make partition of the lands with directions that if they find that partition in kind cannot be made without manifest prejudice to the parties or to either of them, to report such findings to the court for its action thereon. The commisioners reported that owing to the situation of the land and the nature of the improvements thereon, partition in kind could not be made without prejudice to the parties. On this report a decree ordering a sale of the property for partition was rendered May 31st, 1911. On November 25th, 1911, the defendants took an appeal specifically from and limited to the decree of May 26, 1911.

A decree in a partition suit adjudicating the rights and interests of the respective parties in the land sought to

be partitioned, ordering partition thereof and appointing commissioners to make the same is interlocutory merely, and not final; but a decree in such a suit ordering a sale of the property by the commissioners based upon their report that partition cannot be made without great prejudice to the owners of the land, is final. Camp Phosphate Co. v. Anderson, 48 Fla. 226, 37 South. Rep. 722.

In this case a sale of the property for the purposes of partition was required and was actually made, therefore the decree of May 26, 1911, adjudicating the interests of the parties and appointing commissioners to make the partition or to report if a sale was necessary to an equitable partition, was an interlocutory decree, the decree of May 31, 1911, ordering a sale of the property for partition being the final decree in the cause.

An appeal in an equity cause, taken subsequently to the rendition of a final decree therein, solely and expressly from an interlocutory order therein, that does not bring up such final decree for review, cannot be considered by the appellate court and will be dismissed. Stanley v. Standard Cypress Co., 54 Fla. 583, 45 South. Rep. 478.

As the appeal was entered after the final decree of May 31, 1911, was rendered, and was taken from only the interlocutory decree of May 26, 1911, the appeal does not bring the final decree here; and in the absence of an appeal duly taken from the final decree, the appeal taken from the interlocutory decree after the final decree was rendered should be dismissed.

The appeal will be dismissed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.