MEEKY COTTRELL v. MARTHA AMERKAN

35 So. (2nd) 383                                           January Term, 1948

April 20, 1948                                            Special Division B

*Hall & Hedrick,* and *Ausley, Collins & Truett,* for appellant.
*Cushman & Woodard,* for appellee.

BARNS, J.:

These proceedings are pending on petition for certiorari under Rule 34, and respondent has sought to dismiss such proceedings because the order sought to be reviewed was an order denying defendant's motion to dismiss plaintiff's bill of complaint when the petitioner had suffered the entering of a final decree against him before the presentation of the petition for certiorari, which final decree was not effectively appealed.

Authorities relied upon by the respondent for the dismissal of the certiorari are as follows:

Stockton v. Harmon, 32 Fla. 312, 13 So. 833, was a case heard upon a motion to vacate supersedeas. In this case an appeal was taken from interlocutory orders after the dismissal of the bill and the court held that an appeal taken under such circumstances would be dismissed. Burnham v. Driggers, 44 Fla. 168, 32 So. 796, was heard upon a motion to dismiss the appeal, which appeal was from that part of the decree dissolving the injunction and which appeal was taken after a final order dismissing the bill had been entered and the appeal was dismissed upon authority of the case of Stockton v. Harmon, supra.

Wilder v. Dunn, 45 Fla. 662, 33 So. 508, was an appeal from an interlocutory order after a final decree had been rendered dismissing the bill, and the appeal was dismissed upon the authority of the Burnham and Stockton cases, supra.

Stanley v. Standard Cypress Company, 54 Fla. 583, 45 So. 478, was a case similar to the Stockton, Burnham and Wilder cases in one respect, in that the appeal was from an interlocutory order after the entry of a final decree, and the appeal was dismissed upon the authority of three preceding cases, but the opinion fails to state whether or not the final decree rendered was an order dismissiing the bill or otherwise adverse to appellant.

Banks v. Guinyard, 63 Fla. 334, 58 So. 229, was an appeal from an interlocutory order. The appeal was taken after the entry of a final decree, which did not dismiss the bill but adjudicated the equities. The appeal was dismissed upon the authority of Stanley v. Standard Cypress Company, supra.

Oneida Land Company v. Richards, 72 Fla. 116, 72 So. 646, was a case wherein the appellant appealed from the interlocutory order striking the answer of the appellant. The appeal was taken after the entry of a final decree against appellant. It was dismissed upon the authority of Stanley v. Standard Cypress Company and Banks v. Guinyard, supra.

Willey v. Hoggson, 89 Fla. 446, 105 So. 126, was an appeal from an interlocutory order sustaining a general demurrer to the bill of complaint and motion was made to dismiss the appeal upon the ground that subsequent to the entry of the interlocutory appeal the lower court dismissed the bill of complaint and no appeal was taken from such final decree. The motion to dismiss the appeal was denied.

Dixon v. Gregg, 124 Fla. 177, 168 So. 2, was an appeal from an order striking the answers of defendants. The appeal was taken after the entry of a final decree and was dismissed upon the authority of each of the foregoing cases.

Alderman v. City of New Smyrna, 132 Fla. 74, 180 So. 516, was an appeal from an order directing the issuance of a writ of assistance after the entry by final decree and the appeal was dismissed upon the authority of Willey v. Hoggson, supra.

It is one thing to dismiss a plaintiff's appeal of an interlocutory order when he appeals after the entry of an order dismissing his bill, but it does not follow that a defendant's appeal of an adverse interlocutory decree will be dismissed because he had also suffered a final decree against him which has not been appealed. Their situations are quite different and distinct.

After the chancellor has adjudicated that the plaintiff's bill has no equity and this decree is to be acquiesced in and accepted as final, then prior adverse rulings are usually of little consequence to the plaintiff's rights. But when a defendant suffers an adverse final decree it is dependent upon the plaintiff's bill having equity. The defendant in this in-

stance suffered a final decree against him after he had suffered an adverse ruling on his motion to dismiss bill. The final decree is dependent upon the bill's having equity, which fact defendant challenges here on certiorari, and he did below, by motion to dismiss.

The holdings of the Court in the Stockton, Burnham and Wilder cases were based upon the sound reason that after the plaintiff's bill has been dismissed he cannot procure a review of interlocutory decree or any other decree when he allows the decree of dismissal to stand unimpeached. An appeal will not be allowed to settle mere abstract questions but only to correct errors injuriously affecting the right of the appellant. 3 Am. Jur. 308.

It is clear that in the three cases above referred to the correctness of the chancellor's orders made on or before final decree became moot in those cases as they might affect the plaintiff's-appellant's rights if the chancellor's decree of dismissal was to be acquiesced in by the plaintiff-appellant.

From the foregoing cases there has been deduced a general principle that:

"An appeal in an equity cause, taken subsequently to the rendition of a final decree therein, solely and expressly from an interlocutory order therein, that does not bring up such final decree or review cannot be considered by the appellate court and will be dismissed."—Headnote 2—Stanley v. Standard Cypress Co., 54 Fla. 583, 45 So. 478.

As deduced from the three cases first mentioned, this general statement, which we now modify, has been subsequently applied without regard to other facts, such as presented in the first three cases.

It appears that the decisions subsequent to the Stanley case have accepted the general statement in the headnote in the Stanley-Standard Cypress Co. case rather than the three cases cited as its authority.

It is not incumbent upon the court to apply legal principles deduced from decisions relating to procedure when the reasons for application fail. When reasons for the law fail, the law should fall, particularly so when the law was supplied by

the decisions of the court and relate to procedure and not to substantive rights. Courts are not required to await legislative action to change their rulings on matters of procedure. The rule of reason is supposed to be applied:

"While the rule 'stare decisis' is not so binding in mere matters of practice as in those of substantive law, a well-settled rule of practice which has been silently acquiesced in will not be set aside where it would probably cause great inconvenience and confusion in the practice and where it can easily be changed by the legislature if there is any necessity therefor."—14 Am. Jur. 288 —Courts—Sec. 68.

When a defendant has suffered a final adverse decree before filing his petition for certiorari to review an order denying his motion to dismiss plaintiff's bill of complaint, such petition will not be denied or dismissed merely because he did not appeal the final decree.

The petition for rehearing is denied.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.