379 So.2d 999 (1980)
Richard P. BRINKER, As Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, Appellant,
v.
Helen Mackey LUDLOW, Individually and On Behalf of All Others Similarly Situated, Appellee.
No. 79-966.
District Court of Appeal of Florida, Third District.
February 5, 1980.
*1000 Gus Efthimiou, Jr., Miami, for appellant.
Peggy M. Fisher, Miami (Legal Services of Greater Miami, Inc.), for appellee.
Before SCHWARTZ and NESBITT, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
NESBITT, Judge.
Appellant, as respondent below, appeals the issuance of a peremptory writ of mandamus requiring him, as Clerk of the Circuit Court and ex officio recorder of documents,[1] to record a certified copy of an order taxing costs without charge to the appellee.
The appellee, as relator in the trial court, initiated a petition for writ of mandamus, on behalf of herself individually and as representative of a class similarly situated, to coerce the recordation of a cost judgment. The petition was exhibited to the trial court. Thereafter, the court issued an order to show cause and following argument thereon, issued the peremptory writ of mandamus appealed from.
Since we reverse on the merits, we do not address the class action question presented in this appeal.
We are called upon to construe pertinent provisions of Section 57.081, Florida Statutes (1977). This statute was first enacted as a population act by Chapter 17883, Laws of Florida (1937), long before the United States Supreme Court held, in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 703, 28 L.Ed.2d 113 (1971), that the requirement of prepayment of certain court costs by indigents constituted a denial of due process.[2] Enactment of Chapter 57-251, Section 1, Laws of Florida converted the statute from a population act to a general act and, with minor amendments, has been carried forth to date.
Despite its vintage, there is a paucity of reported decisions construing the statute. We do know that the issuance of a certificate of insolvency is a condition precedent to its activation. Young v. Slaughter, 298 So.2d 357 (Fla. 1974). In State ex rel. Shellman v. Norvell, 270 So.2d 417 (Fla.4th DCA 1972), the sheriff of St. Lucie County was required to serve a summons in a dissolution of marriage proceeding on behalf of a Dade County resident only because that court concluded that basic human rights contemplated by Boddie v. Connecticut, supra, were embodied within the statute. The Attorney General has advised that fees might be waived in marriage dissolution proceedings;[3] and that a petition for habeas corpus might be accepted without prepayment of the prescribed filing fee.[4]
The statute has been considered tangentially in other cases. In Grissom v. Dade *1001 County, 293 So.2d 59 (Fla. 1974), the state was ordered to pay publication costs in order to acquire constructive service of process over the children's natural parents in an adoption proceeding. In Dade County v. Womack, 285 So.2d 441 (Fla.3d DCA 1973), the county was not required to pay costs of publication for an indigent parent who wished to change the name of a minor child. In Bower v. Connecticut General Life Insurance Co., 347 So.2d 439 (Fla.3d DCA 1977), a transcript of trial proceedings for appellate review was held not within the purview of the statute.
In pertinent part, Section 57.081(1) provides:
Insolvent and poverty-stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs, and clerks of the county in which they reside without charge. No prepayment of costs to any judge, clerk, or sheriff in the county is required in any action when the party has obtained a certification of insolvency from the clerk in each action, based [up]on affidavits filed with him that the applicant is insolvent and unable to pay the charges otherwise payable by law to any of such officers.
In the present case, we must determine whether the cost judgment procured by a person holding a certificate of insolvency is recordable without prepayment of the prescribed filing fee. None of the reported cases have construed the pivotal provision of the statute in question, namely, "actionable claims or demands," which is dispositive of the controversy.
Black's Law Dictionary defines the word "actionable" as: "That for which an action will lie, furnishing legal ground for an action."[5] The same authority defines "demand" as: "[a] peremptory claim to thing of right, differing from claim, in that it presupposes that there is no defense or doubt upon question of right."[6]
In Herrera v. Doctor's Hospital, 360 So.2d 1092 (Fla.3d DCA 1978), aff'd sub nom. Fisher v. Herrera,[7] 367 So.2d 204 (Fla. 1978), that court undertook to define the word "claim" as it related to a medical malpractice action as follows:
[A] claim is essentially a statement of facts describing the alleged acts of malpractice; that is, a pleading comparable to a complaint under the Florida Rules of Civil Procedure.
360 So.2d at 1095.
In other words, a "demand" may be viewed as a "claim" which has matured into a legal obligation which may be asserted in the court. The procedural enforcement of a "claim" or "demand" is identical.
In Volume I, Florida Jurisprudence 2d, Actions, Section 2, the following definition is found:
In a legal sense, the terms "case," "cause," "action," and "suit" are convertible terms, each meaning a proceeding in court. They are generally understood as meaning a judicial procedure for the determination of a controversy between parties where rights are enforced and protected, or wrongs are prevented or redressed. (footnotes omitted).
In Trawick's Florida Practice and Procedure, Section 1-1, (1979) that writer states:
[T]he term "action" is used synonymously with "civil action." It means a judicial proceeding for the determination of a controversy. A cause of action is the right to institute a judicial proceeding. The action is the method by which the cause of action is enforced. (footnotes omitted).
From the foregoing definition, it is apparent that the term "actionable claims or demands" employed in the statute simply refers to a "cause of action" as that term is employed in current practice and procedure.
Under Section 57.021, Florida Statutes (1977), costs are taxed after an action *1002 is determined. This provision has been construed to mean that costs may not be taxed until after final determination of the cause. Sears, Roebuck & Company v. Richardson, 343 So.2d 678 (Fla.1st DCA 1977).
In the case sub judice, appellee prevailed in her action and obtained a judgment. It is that judgment upon which she has obtained an order taxing costs. She now seeks to record the order taxing costs, so that it may become a lien against the real property of the judgment debtor in the county where recorded,[8] without payment of the prescribed filing fee. It is doctrinaire that a cause of action merges into the judgment obtained. 19 Fla.Jur., Judgments and Decrees, § 93. Trawick's Florida Practice and Procedure, Section 25.13 appropriately recites the consequences of such an event:
A cause of action that is sued on merges in any final judgment entered. The pre-existing obligation ceases to exist. The only thing that remains is the judgment. The judgment for money then becomes a debt. The judgment for other than money likewise becomes the obligation. Thus a remedy applicable only to an obligation that has not been reduced to judgment cannot be used or asserted after judgment. (footnotes omitted).
By the adoption of Section 57.081, the Legislature intended to obviate the payment of certain litigation costs by bona fide indigents. The statute should, therefore, be liberally construed so as to advance the remedy. Because of the frequent and firm application of terminology employed in the statute and the consequences thereof, we cannot, however, reach a construction contrary to the intent of the Legislature. Stern v. Miller, 348 So.2d 303 (Fla. 1977).
From the foregoing analysis, we view the enactment of Section 57.081 as a legislative fiat for indigent persons holding certificates of insolvency to receive, without cost, the essential services from the courts, sheriffs and clerks in the prosecution of the steps in the cause of action as opposed to steps beyond the cause of action, i.e., after entry of judgment. Whether the legislative design was inadvertent or deliberate, it is not for this court to substitute its own judgment.
The foregoing construction of the questioned statute makes it apparent that the appellee was not entitled to procure the recording of the cost judgment without prepayment of the prescribed fee.
The judgment awarding the peremptory writ of mandamus is reversed.
NOTES
[1] § 28.222, Fla. Stat. (1977).
[2] In Boddie, the Court was concerned with denying indigents access to courts where fundamental human rights were involved. It is conceded that the present case does not involve fundamental human rights.
[3] 1971 Op.Att'y Gen.Fla. 071-383 (December 3, 1971).
[4] 1976 Op.Att'y Gen.Fla. 076-112 (May 18, 1976).
[5] Black's Law Dictionary 51 (4th Ed.Rev. 1968).
[6] Id. at 516.
[7] Doctor Fisher was a defendant in the action before the medical mediation panel and in proceedings thereafter.
[8] § 55.10, Fla. Stat. (1977).