386 So.2d 268 (1980)
Gerard E. LEE, Petitioner,
v.
CITY OF WINTER HAVEN, Respondent.
No. 80-730.
District Court of Appeal of Florida, Second District.
May 2, 1980.
David Rubman, Florida Rural Legal Services, Inc., Winter Haven, for petitioner.
Donald T. Ryce, Jr. of Hogg, Allen, Ryce, Norton & Blue, Coral Gables, for respondent.

ORDER
PER CURIAM.
The notice of appeal in this case was forwarded to this court without a filing fee but accompanied with a certificate of petitioner's attorney that he has investigated petitioner's affidavit of insolvency and believes it to be true, that petitioner's claim is meritorious as a matter of law and that said attorney intends to act as attorney for petitioner without compensation from him. This affidavit fully complies with Section *269 57.081, Florida Statutes (1979), which provides for the waiver of clerk's filing fees in civil cases. However, the question remains as to whether the statute applies to appellate filing fees at all. This court has previously asked for and received from the parties herein written memoranda addressing that question.
The relevant portion of Section 57.081 reads as follows:
(1) Insolvent and poverty stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs and clerks of the county in which they reside without charge ...
We would have no hesitancy in determining, in addition to the circuit court sitting in its trial and appellate capacities, that "courts ... of the county in which they reside" include district courts of appeal. Although the headquarters of the Second District Court of Appeal is in Polk County, this court is the appellate court for all of the counties within this district.[1]
The question of whether "actionable claims or demands" applies to potential appeals gives us more trouble. This court has previously docketed notices of appeal complying with the statute without a filing fee. Further, at least one case can be read as implying that the statute does apply to appellate situations. In Harrell v. Dept. of HRS,[2] the court held that the statute does not apply to give an appellant a free transcript in an appeal because court reporters' services are not mentioned in the statute. If that court thought the statute did not apply to appeals, it would not have had to reach the question of the transcript. The only case directly on point is Hillman v. Federal National Mortgage Association.[3] In that case the court stated that "[a]s we construe Section 57.081, Florida Statute (1977), it applies only to proceedings in trial courts." However, the court did not give any reason for so construing the statute.
As mentioned above, whether or not "actionable claims or demands" includes appeals is arguable. Although not mentioned by the parties herein, the statutory history of this section (formerly Section 58.09) reveals that at one time the statute included a paragraph which provided that:
The provisions of this section shall also be applicable to any appeal or other proceeding in the supreme court that originated in said county.
This provision was added in 1955[4] and omitted in 1957.[5] We can find no indication of whether the omission by the legislature was deliberate but we must presume that it was so. Therefore, we construe Section 57.081 as not applying to appellate cases. Petitioner shall have until May 20, 1980 to pay the appellate filing fee to this court or the appeal will be dismissed.
GRIMES, C.J., and RYDER and DANAHY, JJ., concur.
NOTES
[1] The judicial officers of this court stand before the electors of each county within this district for retention to office.
[2] 361 So.2d 715 (Fla. 4 DCA 1978). See also Adams v. Powers, 278 So.2d 598 (Fla. 1973).
[3] 375 So.2d 336 (Fla. 4 DCA 1979).
[4] Ch. 29615, Laws of Fla. (1955). See also note, "Proceedings in Forma Pauperis," Vol. IX, University of Fla.Law Review, 65 at 72 (1956).
[5] Ch. 57-251, § 58.09, Laws of Fla. The title to this act mentions various changes made in the statute but does not mention omitting the section relating to appeals.