392 So.2d 66 (1981)
Marie J. KLEINSCHMIDT, Appellant,
v.
ESTATE of Edward E. KLEINSCHMIDT, Deceased, Appellee.
No. 80-1926.
District Court of Appeal of Florida, Third District.
January 7, 1981.
Marie J. Kleinschmidt, in pro. per.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, John H. Gerken, III, Miami, for appellee.
Before HUBBART, C.J., NESBITT, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.

On Motion to Dismiss
NESBITT, Judge.
On its own initiative, this court entered an order directing that the instant appeal be dismissed unless the appellant paid filing fees required by Florida Rule of Appellate Procedure 9.110(b).[1] Appellant then procured an order from the trial court authorizing an appeal without payment of fees or costs under the procedure authorized by Florida Rule of Appellate Procedure 9.430. A certified copy of that order together with the moving papers and affidavit have now been filed before this court. Consequently, we withdraw our order and authorize appellate review without the payment of costs or fees with the following observation.
Florida Rule of Appellate Procedure 9.430 provides:
A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing his inability to pay fees and costs or to give security therefor. If the motion is granted, the party may proceed without further application to the court and without prepayment of fees or costs in either the lower tribunal or the court or the giving of security therefor. If the motion is denied, the lower tribunal *67 shall state in writing the reasons therefor. Review shall be by motion filed in the court.
As the rule recites and the committee note indicates, its purpose is not to expand the substantive right of an indigent to an appeal but merely to provide a vehicle for enforcement of the right. Consequently, we must look beyond the rule to ascertain if the order authorizing appellate review is grounded upon a substantive right for the appellant to proceed here as an indigent. In that regard, we note that Chapter 80-348, Laws of Florida, amended Section 57.081(1), Florida Statutes (1979) so as to provide:
(1) Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge. No prepayment of costs to any judge, clerk, or sheriff is required in any action when the party has obtained a certification of indigency from the clerk in each proceeding, based on an affidavit filed with him that the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers. When the person is represented by an attorney, the affidavit shall be supported by a written certificate signed by the attorney representing the person that he has made an investigation to ascertain the truth of the applicant's affidavit and that he believes it to be true; that he has investigated the nature of the applicant's position and that in his opinion it is meritorious as a matter of law; and that he has not been paid or promised payment of any remuneration for his service and intends to act as attorney for applicant without compensation. On the failure or refusal of the clerk to issue a certificate of indigency, the applicant is entitled to a review of his application for the certificate by the court having jurisdiction of the cause of action. [emphasis supplied].
By the amendment, the Legislature has authorized an indigent person to procure the services of judges, clerks, and sheriffs in any judicial proceeding. Black's Law Dictionary, Fifth Edition, defines a proceeding as:
In a general sense, the form and manner of conducting juridical business before a court or judicial officer. Regular and orderly progress in form of law, including all possible steps in an action from its commencement to the execution of judgment... . .
We perceive that one of the purposes of the recent amendment was to authorize the right to appellate review by an indigent person. The term "proceeding," used in the amended statute, is more encompassing than the term "actionable claim or demand" found in the former statute. McGriff v. McGriff, 392 So.2d 914 (Fla.3d DCA 1980); Lee v. City of Winter Haven, 386 So.2d 268 (Fla.2d DCA 1980).
Consequently, we find the Legislature has partially abrogated our decision in Bower v. Connecticut General Life Insurance Company, 347 So.2d 439 (Fla.3d DCA 1977) where we held that Section 57.081(1), Florida Statutes (1975) did not authorize "subsidized" appellate review to an indigent person. In Bower v. Connecticut General, supra, we also observed that Section 57.081(1), Florida Statutes (1975) did not authorize an indigent person gratuitous services of a court reporter for transcribing trial court proceedings.[2] In the present case, there is no issue before us concerning a court reporter's transcript of any trial court proceeding. Consequently, we expressly do not undertake to resolve that problem.
With the foregoing observations, the appeal is allowed without prepayment of costs and fees.
MELVIN, WOODROW M. (Ret.), Associate Judge, concurs in judgment only.
NOTES
[1] § 35.22(3), Fla. Stat. (1979).
[2] See also Harrell v. State Department of Health and Rehabilitative Services, 361 So.2d 715 (Fla.4th DCA 1978) for a discussion of this problem in relation to appeals stemming from administrative agency action.