394 So.2d 1133 (1981)
N K FIELDS, Appellant,
v.
Sally ZINMAN, Appellee.
No. 80-480.
District Court of Appeal of Florida, Fourth District.
March 11, 1981.
*1134 N K Fields, pro. per.
HERSEY, Judge.
We have for consideration, inter alia, the question of whether the filing fee required to be paid at the time of filing a notice of appeal or other appropriate pleading in the district court of appeal may be waived in a civil action. We determine that upon a proper finding of indigency the filing fee will be waived.
Appellant, N K Fields, filed his notice of appeal particularly directed to a restraining order entered against him in the lower tribunal. Subsequently he filed pleadings in this Court in the nature of a motion for extension of time within which to pay filing fee, a motion for the appointment of counsel to represent him on appeal, a motion for extension of time for the performance of various steps in the appellate process and ultimately a motion to waive the filing fee and costs.
These motions, with the exception of the motion to waive filing fee, have been or will be disposed of by court orders. Because of *1135 the importance of the question of waiver of filing fees to indigent litigants and consequently, to the bench and bar, we treat that issue more fully here.
It would be an understatement to suggest that the law has been unclear as to whether an indigent in a civil matter is entitled to waiver of the filing fee which is ordinarily a prerequisite to the prosecution of an appeal. In view of the paucity of and conflict in authority on this question, we invited the bar to submit briefs as amicus curiae. The response was gratifying and we are indebted to those who participated. Without exception the briefs filed were scholarly, thorough and persuasive.
Our analysis will consist of four phases: statutory authority and legislative intent; precedent and stare decisis; applicable court rules; and conclusions.

I. Statutory authority and legislative intent.
The question before us had its most recent genesis in an amendment to Section 57.081, Florida Statutes (1979) which became effective on July 1, 1980. § 1, Ch. 80-348, Laws of Florida.
Prior to its amendment the first sentence of the statute read:
(1) Insolvent and poverty-stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs, and clerks of the county in which they reside without charge.
The amended statute reads in pertinent part:
Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge.
We are urged to interpret the amendment as encompassing appellate proceedings either because of the so-called "plain meaning" rule of statutory construction or as a matter of legislative intent. Both approaches, while attractive as simplistic solutions, fail to convince us that the amendment does, in fact, change the statute to bring appellate proceedings within its ambit for the first time.
Adverting first to the "plain meaning" rule, State v. Egan, 287 So.2d 1, 4 (Fla. 1973) explained:
Where the legislative intent as evidenced by a statute is plain and unambiguous, then there is no necessity for any construction or interpretation of the statute, and the courts need only give effect to the plain meaning of its terms.
Our problem in applying this rule is that the amendment could easily have but obviously did not include specific reference to appeals. One has to suppose that if the real and sole purpose for the amendment was to include proceedings in the appellate courts then the legislature would have taken the trouble to insert words to that effect in the amendatory provision.
Examination of the House Judiciary Committee Report dealing with the amendatory statute does little to dispel our doubts in this regard. Relevant portions recited in the briefs read:
(1) This bill would expand the actions in which persons may proceed in forma pauperis to include any judicial or administrative proceedings.
* * * * * *
(3) Persons would be entitled to free services in counties other than the one in which they reside.
As an earlier section of the committee report explicitly states, the legislative intent would seem to have been to extend the scope of the statute horizontally to bring in "all types of actions in court or administrative proceedings ..." rather than vertically to include appellate proceedings.
Our doubts are not assuaged by affidavits of members of the legislature as to what their subjective intent was since there is no indication that this intent was expressed to other members of the legislature. Even so, subjective intent does not rise to the level of evidence and, in fact, has little probative force in the absence of ambiguity *1136 or conflict, which is not demonstrably present in this statute.
Accordingly, we conclude that the amendment had no effect vertically on operation of the statute.

II. Precedents and stare decisis.
This Court, in Harrell v. State, Department of Health and Rehabilitation Services, 361 So.2d 715 (Fla. 4th DCA 1978) held the following:
Along with their petition for certiorari, petitioners have filed a motion and supporting affidavits for leave to proceed in forma pauperis, which we grant.
Subsequently, in Hillman v. Federal National Mortgage Association, 375 So.2d 336, 337 (Fla. 4th DCA 1979) it was held:
As we construe Section 57.081, Florida Statute (1977), it applies only to proceedings in trial courts. A person may not seek appellate review in a civil proceeding without payment of the filing fee required by law unless specifically authorized to do so by the Legislature. Such authorization has been granted in criminal cases. However, we are unaware of any statute extending that privilege to indigent persons involved in civil proceedings.
At least within the fourth district, then, we have conflicting precedents. One or the other of those holdings must be found to have been injudicious. We also make the observation that stare decisis has less vitality in the area of practice and procedure than in the area of substantive law. As one writer succinctly sums up this philosophy:
If the rule involved can be said to be one of procedure rather than substance, the court is not at all reluctant to make a drastic change. See Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969).
Gaines, Robert P., "General Appellate Principles," Florida Appellate Practice (Florida Bar, 1978), p. 75. See also Cottrell v. Amerkan, 160 Fla. 390, 35 So.2d 383 (Fla. 1948).
It remains only to choose which of the two precedents is the more compelling.
Before doing so, we briefly consider precedents from the other district courts of appeal.
The Second District, in Lee v. City of Winter Haven, 386 So.2d 268 (Fla. 2d DCA 1980) construed Section 57.081 as applicable only at the trial level. The court reasoned that:
Although not mentioned by the parties herein, the statutory history of the section (formerly Section 58.09) reveals that at one time the statute included a paragraph which provided that:
The provisions of this section shall also be applicable to any appeal or other proceeding in the supreme court that originated in said county.
This provision was added in 1955 and omitted in 1957. We can find no indication of whether the omission by the legislature was deliberate but we must presume that it was so. Therefore, we construe Section 57.081 as not applying to appellate cases. Lee at 269; footnotes omitted.
We tend to prefer the following explanation for the statutory change mentioned by the Lee court, proffered by amicus curiae, Florida Rural Legal Services, Inc.:
The statute as it existed before 1955 applied only to courts of counties of over 180,000 population, Section 58.09, Florida Statutes, (1953). The residence of the indigent was irrelevant. It became clear that the statute could not cover appeals to the Supreme Court which was seated in Leon County, which had a population of far less than 180,000. Accordingly the statute was amended as cited in Lee to apply to the Supreme Court.
Then two things happened. First, Chapter 57-248, Section 1, Laws of Florida, created the district courts of appeal. Second, shortly thereafter, Chapter 57-251, Section 1, Laws of Florida amended the in forma pauperis statute to apply to all counties. As a result of these changes in the law, the sentence pertaining to Supreme Court proceedings became superfluous (because the statute already applied to all courts having jurisdiction over *1137 the indigent) and irrelevant (because most appeals now lay in the district courts). Accordingly the legislature simply dropped the sentence. Although the legislature would have saved some confusion had it more explicitly applied the statute to appeals, the foregoing interpretation is much more in keeping with the great liberality accorded remedial statutes than is the narrow interpretation in Lee. Footnotes omitted.
The court reiterated its position, apparently en banc, in a recent case involving a petition for writ of mandamus, Latisi v. FLorida Parole & Probation Commission, 382 So.2d 1355 (Fla. 2d DCA 1980).
The third district has not directly addressed the issue although somewhat related questions have been before that court. Brinker v. Ludlow, 379 So.2d 999 (Fla. 3d DCA 1980); Bower v. Connecticut General Life Insurance Co., 347 So.2d 439 (Fla. 3d DCA 1977).
We have found no cases indicating the stance taken by the First District on this question.
The Fifth District Court of Appeal has recently interpreted the statute as encompassing civil appeals. Chappell v. Florida Department of Health and Rehabilitative Services, 391 So.2d 358 (Fla. 5th DCA 1980). We are in agreement with the procedural safeguards outlined by the court in that case.
We were not able to locate any definitive pronouncement on this issue by the Supreme Court. However, our attention has been directed to Adams v. Powers, 278 So.2d 598 (Fla. 1973) in which the Supreme Court pointed out that the petitioner would be entitled to proceed in forma pauperis in that court, in a civil matter, upon compliance with Fla. Stat. § 57.081 F.S.A. We have also been furnished with a copy of an order entered by the Supreme Court in State ex rel. Stegall v. Hartsfield, permitting petitioner in that case to proceed in forma pauperis. Therefore the Supreme Court, by example if not by precept, has clearly exhibited a preference for that construction of the statute which would include appellate proceedings. We are inclined to the view that the district courts of appeal are no less firmly bound by Supreme Court precedent established peripherally than they are by those explicitly mandated.
Having established what the rule is we nevertheless continue our analysis in the belief that the following considerations strengthen the position we plan to take.

III. Applicable court rules.
Rule 2.040(b)(3), Florida Rules of Judicial Administration governs clerks of district courts of appeal. The relevant provision provides:
(3) Filing Fee. In all cases filed in the court, the clerk shall require the payment of a fee as provided by law at the time the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal... .
The rule is thus explicit where the statute is silent. The filing fee is not to be exacted in advance where the party "has been adjudicated insolvent for the purpose of an appeal."
We emphasize the phrase "in appeals" as opposed to the phrase "in criminal appeals" which could have been used if the Supreme Court had construed the statute as so limited. The language used in the rule bolsters the argument that the Supreme Court does not interpret the statute as limited to criminal appeals.
In view of our resolution of the matter it is unnecessary to reach the constitutional questions raised by amicus curiae and we specifically refrain from doing so.
To the extent that our holding here is inconsistent with Hillman, supra, we recede from that opinion.
In summary, we hold that § 57.081 Florida Statutes (1979), authorizes waiver of the service charge imposed by § 35.22 Florida Statutes (1979) and other specifically enumerated costs under appropriate circumstances.
*1138 The procedure to be followed by one who is "insolvent" or "poverty-stricken", established by Section 57.081, Florida Statutes, 1979, contemplates an application in the lower tribunal to proceed in forma pauperis for purposes of appeal.
We recognize that we have clearly created and do here explicitly create "conflict" jurisdiction with the Lee case, supra, from the Second District Court of Appeal.
This cause is hereby remanded to the lower tribunal for consideration of appellant's motion to proceed in forma pauperis.
LETTS, C.J., concurs specially with opinion.
HURLEY, J., concurs specially with opinion.
HURLEY, Judge, concurring specially.
Difficult as it is to gain an accurate perspective on the recent past, I think it can be fairly said that the 1960s and 70s were decades in which America renewed its commitment to equal justice. Abroad, we joined with other nations of the world community and pledged our fidelity to human rights. At home, we endured a bitter and painful struggle so that the ideal of equal justice might be translated into a living reality for all Americans. With these experiences vividly etched in our collective memory, it seems incongruous that in the 80s we are still wrestling with the question whether access to appellate courts can be denied because of economic status.[1] Access to justice is not a privilege of class, it is a right of citizenship.[2] So, in my view, we are long overdue in repudiating the Orwellian notion of equal justice for all who can afford it.
I concur in the judgment of the court, but base my decision upon the plain meaning of the recently amended Section 57.081(1), Florida Statutes (Supp. 1980) and upon the wording of Rule 2.040(b)(3), Fla.R.Jud.Adm. In selecting this decisional course I would observe that the notion that access to courts may be predicated upon a litigant's financial status bristles with federal and state constitutional questions, but as noted by the majority, we do not reach these issues for we are obliged to avoid constitutional rulings where a statutory ruling would suffice. Singletary v. State, 322 So.2d 551 (Fla. 1975); Freedman v. State Board of Accountancy, 370 So.2d 1168 (Fla. 4th DCA 1979).
Turning to the statute, we find that effective July 1, 1980, Section 57.081(1) was amended to read in pertinent part as follows:
Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge.
Without belaboring the obvious, I believe that the phrase "any judicial ... proceeding," is sufficiently clear and descriptive to require reliance on the plain meaning rule which was set forth by the court in State v. Egan, 287 So.2d 1, 4 (Fla. 1973):
Where the legislative intent as evidenced by a statute is plain and unambiguous, then there is no necessity for any construction or interpretation of the statute, and the courts need only give effect to the plain meaning of its terms.
Justice Sundberg restated the rule in Reino v. State, 352 So.2d 853, 860 (Fla. 1977) when he wrote:
The language of the statute is clear and unequivocal, and thus, legislative intent may be gleaned from the words used without applying incidental rules of construction. Words used by the legislature are to be construed in their "plain and ordinary sense." The legislature is presumed to know the meaning of the words it utilizes and to have a working knowledge of the English language. (Citations omitted).
*1139 The majority seems to concede that the language of Section 57.081(1) is clear and unequivocal but, nonetheless, avoids the plain meaning of the statute on the ground that the Legislature could have been more specific, more precise. Although the language is clear, it could have been clearer. Ante, at 1135. Such a gloss, in my view, subverts the rule. Moreover, I am aware of no limitation which prevents the Legislature from enacting generic, all-embracing legislation. This is the clear import of "any judicial ... proceeding," and I would suggest that we are not at liberty "to invoke a limitation or to add words to the statute not placed there by the Legislature." Chaffee v. Miami Transfer Company, 288 So.2d 209, 215 (Fla. 1974).
Consequently, I would apply Section 57.081(1) as written, and would hold that it encompasses civil appeals. See Chappell v. Florida Department of Health & Rehabilitative Services, 391 So.2d 358 (Fla. 5th DCA 1980); Kleinschmidt v. Estate of Kleinschmidt, 392 So.2d 66 (Fla. 3d DCA 1981). Since the amendment to Section 57.081(1) is remedial in nature, I would apply the statute, as amended, to the present appeal even though it was filed prior to the effective date of the amendment. This is consistent with the general principle that remedial statutes are entitled to retrospective application. See City of Lakeland v. Catinella, 129 So.2d 133 (Fla. 1961); Grammer v. Roman, 174 So.2d 443 (Fla. 2d DCA 1965). It is also consistent with the rule that an appellate court will apply the law as it exists at the time of the appeal. Florida East Coast Railway Co. v. Rouse, 194 So.2d 260 (Fla. 1966).
Further, I join in the court's remarks concerning Rule 2.040(b)(3), Fla.R.Jud.Adm. However, inasmuch as the rule and the statute are in harmony, we need not confront the thorny question as to which is controlling. Cf. State v. Lane, 45 Fla. Supp. 145 (Fla. Palm Beach Cty.Ct. 1977).
Finally, I think it is important to note that the right we recognize today is not illusory. Having gained access to the court, an indigent appellant need not face expulsion by dismissal of his appeal simply because he is financially unable to pay for the preparation of the record. If utilized in good faith, Rules 9.200(a)(3) and (b)(3), Fla. R.App.P., should afford an expeditious and inexpensive method for appellate review. See, for example, Kuenstler v. Andreasen, 386 So.2d 896 (Fla. 1st DCA 1980), but note the caveat in Kauffmann v. Baker, 392 So.2d 13 (Fla. 4th DCA 1980).
LETTS, Chief Judge, concurring specially.
Like Judge Hersey I do not think the language of the statute is unequivocal although I do think it was intended to include appellate proceedings. Certainly I do not find Judge Hurley's paraphrase of Judge Hersey's interpretation of the statute (clear but could have been clearer) to be accurate.
NOTES
[1] In 1975, approximately 1,225,000 persons in Florida had incomes below the poverty level. This group comprised 14.4% of the state's population. Florida Statistical Abstract 78 at 136 (R. Thompson ed. 1978). During the same year 11.0% of Florida families had incomes below the poverty level. Id., at 604.
[2] Art. I, § 21, Fla. Const.