PER CURIAM.
In construing a provision of Florida’s in forma pauperis statute, the Third District Court of Appeal has held that an indigent may not utilize section 57.081(1), Florida Statutes (1977), to record without charge a certified copy of a judgment for costs which she has obtained after a favorable lawsuit. Brinker v. Ludlow, 379 So.2d 999 (Fla.3d DCA 1980). As the district court’s decision expressly affects all court clerks, a class of constitutional officers, we have accepted this case for discretionary review. Art. V, § 3(b)(3), Fla.Const. The issue presented for our consideration is whether section 57.-081 provides for the recordation, without charge, of a certified copy of an indigent’s post-judgment order taxing costs (a “cost judgment”).
Section 57.081(1) reads in pertinent part: Insolvent and poverty-stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs, and clerks of the county in which they reside without charge.
Helen Ludlow proceeded under this statute in her lawsuit against a corporation and an individual. After obtaining a favorable judgment, she obtained an order taxing costs against the defendants, a certified copy of which she attempted to have the clerk of the circuit court record without charge.[1] The clerk refused, stating that section 57.081 did not apply to the recordation of documents.
In due course[2] the district court ruled with the clerk, finding the phrase “actionable claims or demands” to be dispositive of the controversy. The court determined that a claim or demand within the context of this statute is merely the traditional “cause of action” which, upon the successful conclusion of a lawsuit, merges into a final judgment.[3] From this the court reasoned that an indigent has no “actionable claim or demand” after judgment and that section 57.081 provides an indigent only with “the essential services from the courts, sheriffs and clerks in the prosecution of the steps in the cause of action as opposed to steps beyond the cause of action, i. e., after entry of judgment.”[4]
The legislative history and judicial gloss surrounding section 57.081 provide little guidance on the meaning of the pivotal phrase “actionable claims or demands.” Without parroting the district court’s copious research, we can nonetheless make several general observations regarding the development of this provision.
The crucial phrase “actionable claims or demands” has been in the statute since its enactment in 1937. See Ch. 17883, Laws of Fla. (1937).[5] Besides the district court’s *971 opinion below, only one case since 1937 has addressed, even peripherally, its meaning. In Lee v. City of Winter Haven, 386 So.2d 268 (Fla.2d DCA 1980), the court held that section 57.081 was not applicable to appellate cases, though noting on the basis of several prior cases[6] that “whether or not ‘actionable claims or demands’ includes appeals is arguable.” 386 So.2d at 269.
The Third District’s interpretation of “actionable claims or demands” — defining the phrase to mean a “cause of action” — mirrors the general trend of decisions interpreting section 57.081 in other contexts. Florida courts have consistently adopted narrow constructions of the statute. See, e. g., McGriff v. McGriff, 392 So.2d 914 (Fla.3d DCA 1980) (indigent not entitled to proceed on appeal without payment of filing fee); Hillman v. Federal National Mortgage Association, 375 So.2d 336 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 758 (Fla.1980) (same); Harrell v. Department of Health and Rehabilitative Services, 361 So.2d 715 (Fla. 4th DCA 1978) (indigent not entitled to free transcript on appeal); Bower v. Connecticut General Life Insurance Co., 347 So.2d 439 (Fla.3d DCA 1977) (same). The Third District’s decision to exclude post-judgment services from coverage under section 57.081 is in accord with the general trend or Florida case law.
A judgment for cost is valid whether or not recorded. The only reason for recording such judgment is to secure a lien on real property that is superior to later judgments. Recording a judgment does not affect access to the courts. We agree with the district court’s holding and approve the instant decision.
It is so ordered.
ADKINS, OVERTON, ALDERMAN and McDONALD, JJ., concur.
ENGLAND, J., dissents with an opinion in which SUNDBERG, C. J., and BOYD, J., concur.

. Ludlow attempted to record the order so that it could become a lien against the Dade County real property of the judgment debtor. See § 55.10, Fla.Stat. (1977).

. The district court’s opinion below contains a fuller treatment of the procedural history of this case. See Brinker v. Ludlow, 379 So.2d 999 (Fla.3d DCA 1980).

. Id. at 1001.

. Id. at 1002.

. This phrase was recently deleted. See Ch. 80-348, § 1, Laws of Fla. One court has opined that the purpose of the deletion was to broaden the scope of the provision. See Kleinschmidt v. Estate of Kleinschmidt, 392 So.2d 66, 67 (Fla.3d DCA 1981), where the court said:
We perceive that one of the purposes of the recent amendment was to authorize the right *971 to appellate review by an indigent person. The term “proceeding,” used in the amended statute, is more encompassing than the term “actionable claim or demand” found in the former statute.
See also Fields v. Zinman, 394 So.2d 1133 (Fla. 4th DCA 1981); Nichols v. Florida Parole and Probation Comm'n, 393 So.2d 13 (Fla. 1st DCA 1980) (en banc); Chappell v. Florida Dep’t of Health and Rehabilitative Servs., 391 So.2d 358 (Fla. 5th DCA 1980); 1980 Op. Att’y Gen. Fla. 080-86 (Nov. 4, 1980), each construing the amended statute to encompass civil appeals. Whatever the value of these constructions of the revised statute, our concern is the statute before its amendment in 1980, and we make no judgment on the meaning of the new provision. We decline Ludlow’s invitation to apply the new statute retroactively to afford her the relief she requests.

. The Lee court examined Harrell v. Department of Health and Rehabilitative Servs., 361 So.2d 715 (Fla. 4th DCA 1978), and Hillman v. Federal Nat’l Mortgage Ass’n, 375 So.2d 336 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 758 (Fla.1980), neither of which directly discussed the meaning of the contested phrase.