ENGLAND, Justice,
dissenting.
I respectfully dissent. The Third District’s decision and our affirmance today may line up nicely with the general trend of Florida case law, but the result of that alignment flies squarely in the face of our responsibility “to promote the full availability of legal services to the poor.” The Florida Bar v. Furman, 376 So.2d 378, 382 (Fla.1979), appeal dismissed, 444 U.S. 1061, 100 S.Ct. 1001, 62 L.Ed.2d 744 (1980). The fact that Florida’s district courts have over the years consistently parsed the legislature’s grant of free access to the civil justice system is no reason to continue that trend in the future.
As compared with restrictive court interpretations of Florida’s in forma pauperis statute, I note that other states have taken a more generous approach to providing civil litigation services to indigents. The scope and coverage of relevant statutes vary considerably from jurisdiction to jurisdiction, of course.[1] Some are quite broad, such as Louisiana’s provision for “[a]U services required by law of a sheriff, clerk of court, *972 court reporter, notary, or other public officer in, or in connection with, the judicial proceeding....” La.Code Civ.Pro.Ann. art. 5185 (West Supp.1980). Kentucky furnishes indigent litigants with “all needful services and process . .. . ” Ky.Rev.Stat. Ann. § 453.190(1) (Cum.Supp.1980). While many of these provisions include various limitations and restrictions,[2] my research fails to reveal any statute, or any decision interpreting them, in which a distinction was drawn between pre-judgment and post-judgment litigation services at the trial level.[3]
The Court’s decision to exclude post-judgment services from coverage under section 57.081 attributes to the Florida Legislature a relatively novel statutory scheme in comparison with our sister states. With no clear guidance regarding the meaning of “actionable claims or demands” in section 57.081, I believe that the district court’s construction of the troublesome phrase, now adopted here, was strained and unduly technical. To define the phrase in terms of a “cause of action,” based on various dictionary and case law definitions of the relevant words,[4] is one possible view. The term could refer as well, however, to a basic assertion of legal rights and obligations in the courts.[5] I prefer to believe the legislature would not have utilized such a broad, comprehensive and ambiguous term as delimiting. Section 57.081 provides indigents with “the services” of the clerks, one of which indisputably is the clerk’s recordation of official documents. See § 28.222, Fla.Stat. (1977).
The general purpose of legislation such as section 57.081 is to grant indigents reasonably useful access to the civil justice system.[6] The statute is remedial in nature, and it should be liberally construed to advance its purpose.[7] The construction of section 57.081 most consonant with its purpose would provide qualified indigents with the essential services of the courts, sheriffs, and clerks, without charge, both before and after rendition of judgment. To draw an artificial distinction between pre-judgment and post-judgment services of the clerk is to create the anomaly of requiring an indigent litigant to pay recording fees when he has not yet collected the judgment which, if collected, would enable him to pay the fees.
I would hold that an indigent’s “actionable claim or demand” does not dissipate after a judgment is rendered, despite technical doctrines of “merger” used in other contexts. Helen Ludlow should be allowed to record a certified copy of her cost judgment free of the $4.00 charge imposed by section 28.24(16), Florida Statutes (1979).
SUNDBERG, C. J., and BOYD, J., concur.

. For a good overview and analysis of these various state provisions, see Note, Indigent Access to Civil Courts: The Tiger Is at the Gates, 26 Vand.L.Rev. 25 (1973).

. E. g., Ark.Stat.Ann. § 27-402 (1979) (plaintiff must not be worth $10 over and above necessary wearing apparel); Tenn.Code Ann. § 20-12-127 (1980) (statute not available for false imprisonment, malicious prosecution, slander and divorce actions).

. The federal in forma pauperis statute, 28 U.S.C. § 1915 (1966), which is expressly applicable to appeals, has been held to cover the fee for filing a post-judgment notice of appeal. See Williford v. California, 329 F.2d 47 (9th Cir. 1964).

. Brinker v. Ludlow, 379 So.2d 999, 1001 (Fla.3d DCA 1980).

. Black’s Law Dictionary 313 (4th rev. ed. 1968).

. See Fields v. Zinman, 394 So.2d 1133 (Fla.4th DCA 1981) (Hurley, J., concurring). The need for and concern about effective access to justice for the poor transcends Florida’s borders. See generally Access to Justice (M. Cappelletti gen. ed. 1978) (four vols.), which surveys access to justice in the United States and other parts of the world.

. See Stern v. Miller, 348 So.2d 303 (Fla.1977).