629 So.2d 218 (1993)
DONALD S. ZUCKERMAN, P.A., and Donald S. Zuckerman, individually, Appellants,
v.
HOFRICHTER & QUIAT, P.A.; Alex Hofrichter, P.A., and Alex Hofrichter, individually, Appellees.
No. 92-2532.
District Court of Appeal of Florida, Third District.
December 7, 1993.
*219 Proenza White Huck & Roberts and Paul C. Huck, Miami, for appellants.
Wolpe Leibowitz Berger & Brotman and Todd Schwartz, Alex Hofrichter, Miami, for appellees.
Before BARKDULL, HUBBART and LEVY, JJ.
PER CURIAM.
This is an appeal by the judgment debtors [Donald S. Zuckerman and Donald S. Zuckerman, P.A.] from an adverse judgment entered in a garnishment proceeding awarding certain lawsuit settlement proceeds to the judgment creditors [Hofrichter & Quiat, P.A., et al.]. It is urged that the settlement proceeds were exempt from garnishment by Section 222.18, Florida Statutes (1991) which provides that "[d]isability income benefits under any policy or contract of life, health, accident, or other insurance of whatever form, shall not in any case be liable to ... garnishment ... in the state, in favor of any creditor or creditors of the recipient of such disability income benefits," subject to an exception not applicable here. We disagree and affirm.
It appears that the judgment debtor Donald S. Zuckerman had a disability insurance policy with Provident Life and Accident Company. Zuckerman made a claim under the policy which Provident eventually denied. A lawsuit resulted in which Zuckerman sued for payment under the policy, and sought damages, as well, for bad faith settlement practices; Provident filed an answer contesting Zuckerman's disability and counterclaimed for fraud, unjust enrichment and related claims, asserting fraudulent misrepresentations by Zuckerman on the insurance application. Eventually, the suit was settled for an agreed-upon lump sum payment of $75,000 by Provident in exchange for Zuckerman's general release and surrender of the disability policy. The judgment creditors herein then filed a writ of garnishment against these proceeds. After an evidentiary hearing, the trial court awarded $44,209.50 of the settlement proceeds to the judgment creditors; the remaining portion of the $75,000 was awarded to Zuckerman's attorneys in the insurance suit for legal services rendered in that suit.
We conclude that the lawsuit settlement proceeds in the hands of Provident did not, as urged, constitute "disability income benefits" exempt from garnishment under Section 222.18. The compromise and settlement agreement between the parties extinguished Zuckerman's claim under the disability policy, as well as Provident's counterclaim for fraud, and in no way constituted an admission by Provident or Zuckerman that each other's claims were valid; Provident, in particular, simply bought its peace at a price considerably lower than Zuckerman claimed. Stated differently, Provident paid Zuckerman pursuant to the agreement of settlement and compromise, not the disability insurance policy. This being so, the subject settlement proceeds cannot constitute "disability income benefits" under the above statute. See J. Allen, Inc. v. Castle Floor Covering, Inc., 543 So.2d 249, 251 (Fla. 2d DCA 1989); Brinker v. Ludlow, 379 So.2d 999, 1002 (Fla. 3d DCA 1980), approved, 403 So.2d 969 (Fla. 1981); Salling Wiping Cloth Co. v. Sewell, Inc., 419 So.2d 112, 116-17 (La. Ct. App. 1982).
Affirmed.