BLUE, Chief Judge.
Patricia A. Myers, pro se, appeals the partial final summary judgment in favor of Wendy Williams on Williams’ claim to quiet title. She also appeals an adverse summary judgment on Williams’ claim for partition. We affirm the summary judgment on the quiet title claim but dismiss the partition appeal.
Briefly stated, Myers and her son owned property as tenants in common. Beginning in 1986, the Internal Revenue Service (IRS) assessed taxes against the son and recorded federal tax liens on the son’s one-half interest in the property. • In 1996, the IRS levied on the son’s property and sold it to Williams at public auction. On October 1, 1996, the IRS issued a quitclaim deed to Williams, who later filed this quiet title and partition action.
On cross motions for summary judgment, the trial court ruled in Williams’ favor and granted her claim to quiet title. Myers argues that the IRS improperly levied on, seized, and sold the property. We affirm the quiet title summary judgment because these claims should have been raised in a civil action against the IRS in the nine-month period following the allegedly wrongful levy. See 26 U.S.C. §§ 7426, 6532(c) (establishing a civil action for wrongful levy by any person, other than the taxpayer, who claims an interest in property that the IRS has levied on or sold).
But the partition summary judgment is not appealable at this time because the trial court’s order merely appointed commissioners to report on partition. See Banks v. Guinyard, 63 Fla. 334, 58 So. 229, 230 (1912) (“A decree in a partition suit, adjudicating the rights and interests of the respective parties in the lands sought to be partitioned, ordering partition thereof, and appointing commissioners to make the same, is interlocutory merely, and not final.... ”). Accordingly, we dismiss this’portion of the appeal.
Affirmed in part; dismissed in part.
CASANUEVA and KELLY, JJ., concur.