391 So.2d 358 (1980)
Isaac CHAPPELL, Appellant,
v.
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 80-1076.
District Court of Appeal of Florida, Fifth District.
December 18, 1980.
*359 Charles R. Colbrunn, of Greater Orlando Area Legal Services, Inc., Orlando, for appellant.
George L. Waas, Asst. Gen. Counsel, Tallahassee, for amicus curiae, Florida Dept. of Health & Rehabilitative Services, Inc.
Jim Smith, Atty. Gen., Tallahassee and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for amicus curiae, Florida Dept. of Legal Affairs.
William K. Howell, Jr., Asst. County Atty., DeLand, for amicus curiae, Volusia County.
Bruce M. Fried, Tallahassee, for amicus curiae, Florida Legal Services, Inc.

ON MOTION TO REVIEW CLERK'S DENIAL OF APPELLANT'S CERTIFICATE OF INDIGENCY
SHARP, Judge.
Chappell filed an appeal from an administrative proceeding without depositing the appellate court filing fee required by Florida Rule of Appellate Procedure 9.110(b) and section 35.22(3), Florida Statutes (1977). Pursuant to section 57.081(1), Florida Statutes (1980), Chappell filed a certificate, declaring himself indigent, which was executed by an attorney in the office of General Counsel, Florida Department of Health & Rehabilitative Services, "As Department Clerk." The certificate was accompanied by Chappell's affidavit of indigency, certified by his attorney, Colbrunn, with the Greater Orlando Area Legal Services, Inc. The clerk of this court refused to allow the appeal to proceed and Chappell filed a motion seeking review of the clerk's actions. We stayed the dismissal of the appeal, invited the filing of amicus curiae briefs, and set oral argument because (we agree with the appellant) the issues are of great public importance and interest.
*360 The first issue is whether or not Chapter 80-348, Laws of Florida (1980) (section 57.081, Florida Statutes), permits the appellate courts to waive filing fees in civil cases for indigents. The recently revised statute provides:
(1) Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge. No prepayment of costs to any judge, clerk or sheriff is required in any action when the party has obtained a certification of indigency from the clerk in each proceeding, based on an affidavit filed with him that the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers. When the person is represented by an attorney, the affidavit shall be supported by a written certificate signed by the attorney representing the person that he has made an investigation to ascertain the truth of the applicant's affidavit and that he believes it to be true; that he has investigated the nature of the applicant's position and that in his opinion it is meritorious as a matter of law; and that he has not been paid or promised payment of any remuneration for his service and intends to act as attorney for applicant without compensation. On the failure or refusal of the clerk to issue a certificate of indigency, the applicant is entitled to a review of his application for the certificate by the court having jurisdiction of the cause of action.
The original statute on this subject expressly provided it applied to appeal proceedings. § 58.09, Fla. Stat. (repealed 1957). The succeeding statute made no reference to appeals but it contained references which restricted its application to trial and circuit level proceedings. Section 57.081(1), Florida Statutes (1979) provided:
(1) Insolvent and poverty-stricken persons having actionable claims or demands shall receive the services of the courts, sheriffs, and clerks of the county in which they reside without charge. No prepayment of costs to any judge, clerk, or sheriff in the county is required in any action when the party has obtained a certification of insolvency from the clerk in each action, based on affidavits filed with him that the applicant is insolvent and unable to pay the charges otherwise payable by law to any of such officers... . (Emphasis added).
The courts concluded section 57.081(1), Florida Statutes (1979) did not apply to appellate courts.[1]
The most recent statutory amendment deleted the expressions "courts, sheriffs, and clerks of the county in which they reside," and "plaintiff" and replaced them with the more comprehensive terms, "any ... person who is a party in any judicial or administrative agency proceeding." (Emphasis supplied). Because the plain meaning of the 1980 statute indicates appellate proceedings are included,[2] and because the Legislature presumptively intended a change in the prior statute[3] we conclude that Chapter 80-348, Laws of Florida (1980), encompasses appellate court proceedings.
Our next problem is to clarify the procedure for carrying out Chapter 80-348 in the appellate court. Florida Rule of Appellate Procedure 9.430 provides:
A party who has the right to seek review without the payment of costs shall file a motion in the lower tribunal, with an affidavit showing his inability to pay fees and costs or give security therefore. If the motion is granted, the party may proceed without further application to the court and without prepayment of fees *361 or costs in either the lower tribunal or the court or the giving of security therefore. If the motion is denied, the lower tribunal shall state in writing the reason therefore. Review shall be by motion filed in the court.
Florida Rule of Judicial Administration 2.040(b)(3) provides:
In all cases filed in the court, the clerk shall require the payment of a fee as provided by law at the time the notice, petition or other initial pleading is filed. The payment shall not be extracted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party... .
Both of these rules contemplate some action being taken by the lower tribunal or agency. Chapter 80-348 merely requires a certification of indigency from "the clerk in each proceeding."[4]
To the extent there is a conflict between the rules and the statute as to matters of procedure rather than substantive law, the rules must prevail.[5] Therefore, the obtaining of a "certification of indigency from the clerk" of the lower tribunal will not suffice. A party seeking to obtain waiver of appellate court fees must file a motion in the lower tribunal or administrative agency, accompanied by affidavits showing his inability to pay fees.[6] In addition, if he is represented by an attorney, the attorney must file the certificate required by Chapter 80-348. The attorney should include in his affidavit a statement of whether or not, to the best of his knowledge, his employer, association or agency has funds available to pay appellate filing fees, and the lower court or agency may consider those matters in determining whether or not the applicant is able to pay the filing fees. The lower court or agency will make these determinations, which shall be reviewable by this court pursuant to Rule 9.430.[7]
Because Chappell did not obtain an order from the administrative agency establishing his indigency and inability to pay, but merely obtained a certificate from an attorney "as clerk," he did not comply with Rule 9.430 or Rule 2.040(b)(3). The clerk of this court was correct in refusing to let Chappell's appeal proceed in this posture. However, because of the lack of judicial interpretation of chapter 80-348, and its lack of clarity read in the context of the rules, we will hold this appeal in abeyance and remand this proceeding to the administrative agency for a period of 30 days to permit the appellant to obtain an order or adjudication of his indigency and inability to pay the appellate fees.
This cause is therefore REMANDED.
COBB, J., concurs.
DAUKSCH, C.J., concurring specially with opinion.
DAUKSCH, Chief Judge, concurring specially:
I concur with the most complete opinion of the majority and merely would add two thoughts. First, none of the briefs filed as a part of these proceedings differed with the position of appellant as to the fact that indigent persons are entitled to have their appeals filed without cost to them. Second, no one but this court suggested that in order for a person to be indigent for appellate court fee purposes the agency, such as the Greater Orlando Area Legal Services, *362 Inc., which provides the free legal counsel, should also have no funds with which to provide the court fee. There is no evidence in this record from which we can ascertain how the Greater Orlando Area Legal Services, Inc. is funded but certainly if some of the funding is from federal or other governmental funding, and at least a part of the provisions of the funds is for filing fees, then this court should not accept the appeal without the fee. The affidavit of the attorney should be quite clear on this subject and should satisfy the lower tribunal and this court that only persons without funds from any source are those receiving the benefit under the statute; which benefit, of course, is a detriment to the rest of the public who must carry the additional load. I suggest specific findings should be made by the lower tribunal concerning this aspect of the indigency of the appellant.
NOTES
[1] Lee v. City of Winter Haven, 386 So.2d 268 (Fla. 2d DCA 1980); Latsi v. Florida Parole & Probation Commission, 382 So.2d 1355 (Fla. 1st DCA 1980); Hillman v. Federal National Mortgage Association, 375 So.2d 336 (Fla. 4th DCA 1979).
[2] Thayer v. State, 335 So.2d 815 (Fla. 1976).
[3] Capella v. City of Gainesville, 377 So.2d 658 (Fla. 1979).
[4] One of the problems in trying to follow Chapter 80-348 is illustrated in this case. The certificate is signed by an attorney on the staff of the administrative agency as "the clerk." Many agencies, unlike the courts, do not have a "clerk."
[5] Art. V, § 2(a), Fla. Const.; In Re Florida Rules of Criminal Procedure, 272 So.2d 65 (Fla. 1972); Market v. Johnston, 367 So.2d 1003 (Fla. 1979).
[6] Nichols v. Florida Parole & Probation Commission, 393 So.2d 13 (Fla. 1st DCA 1980).
[7] We do not reach in this case the question of procedure in "original" jurisdiction matters. Fla.R.App.P. 9.030(b)(3). Therefore, this opinion is not in conflict with Nichols v. Florida Parole & Probation Commission, 393 So.2d 13 (Fla. 1st DCA 1980).