416 So.2d 841 (1982)
Dorothy AMOS, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, DISTRICT IV, COUNTY DUVAL, UNIT 13, Appellee.
No. AB-99.
District Court of Appeal of Florida, First District.
June 30, 1982.
Mark Greenberg, of Jacksonville Area Legal Aid, Inc., Jacksonville, for appellant.
Susan B. Kirkland, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for appellee.

ON MOTION TO REVIEW DENIAL OF MOTION TO PROCEED IN FORMA PAUPERIS
PER CURIAM.
Appellant filed a Motion for Permission to Proceed in Forma Pauperis with the Department of Health and Rehabilitative Services (HRS) pursuant to § 57.081 Fla. Stat. (Supp. 1980) and Florida Rule of Appellate Procedure 9.430. The motion was accompanied by an insolvency affidavit executed by Ms. Amos and an attorney's affidavit executed by her counsel. The attorney's affidavit stated that he had made an investigation to ascertain the truth of appellant's affidavit and believed it to be true; that he had investigated the nature of her position and in his opinion it was meritorious; and that he had not been paid or promised payment or remuneration and intended to act as attorney without compensation.
HRS denied the motion solely because the attorney's affidavit did not include a statement indicating whether the attorney's employer, agency, or association had funds available to pay a filing fee. As authority for the denial, HRS cited Chappell v. Florida Department of Health and Rehabilitative Services, 391 So.2d 358, 361 (Fla. 5th DCA 1980), in which the Court stated:
The attorney should include in his affidavit a statement of whether or not, to the best of his knowledge, his employer, association or agency has funds available to pay appellate filing fees, and the lower court or agency may consider those matters in determining whether or not the applicant is able to pay the filing fees.
We disagree with the above-stated portion of the Chappell decision.
*842 The existence of the right of indigents to proceed without payment of costs is a substantive one, and is therefore properly defined by the Legislature. Formulating procedures for availing oneself of the right is the exclusive province of the Florida Supreme Court pursuant to the rulemaking authority vested in it by Article V, Section 2(a) of the Florida Constitution. The requisite content of the attorney's affidavit or certificate accompanying a motion for a certificate of indigency is specified in § 57.081(1) Fla. Stat. (Supp. 1980), and the procedure for obtaining a certificate of indigency is found in Rule 9.430. Neither the rule nor the statute require or even suggest that the attorney must affirm that his or her employer, association or agency does not have funds available to pay filing fees.
We certify that this decision is in direct conflict with Chappell v. Florida Department of Health and Rehabilitative Services, 391 So.2d 358, 361 (Fla. 5 DCA 1980), review granted Case No. 60,838 (Fla. November 19, 1981).
The order denying the motion to proceed in forma pauperis is QUASHED with instructions to issue a certificate of indigency.
ROBERT P. SMITH, Jr., C.J., and McCORD and ERVIN, JJ., concur.