419 So.2d 1051 (1982)
Isaac CHAPPELL, Petitioner,
v.
FLORIDA DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Respondent.
No. 60838.
Supreme Court of Florida.
September 9, 1982.
Michael A. Campbell, Winter Haven, and Rochelle Z. Catz, Fort Myers, of the Florida Rural Legal Services, Inc., for petitioner.
Susan B. Kirkland, Asst. Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, for respondent.
BOYD, Justice.
This cause is before the Court on petition for review of an order of a district court of appeal dismissing petitioner's appeal. Chappell v. Florida Department of Health and Rehabilitative Services, No. 80-1076 (Fla. 5th DCA June 4, 1981). The order of dismissal rendered after an earlier remand of the case to the trial court. Chappell v. Florida Department of Health and Rehabilitative Services, 391 So.2d 358 (Fla. 5th DCA 1980), conflicts with a decision of another district court of appeal, Saez v. Department of Health and Rehabilitative Services, No. 71-758 (Fla.2d DCA May 5, 1981). Therefore, we have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioner filed a notice of appeal with the district court seeking review of administrative action of the Department of Health and Rehabilitative Services. Instead of including the filing fee, petitioner filed a *1052 certificate of indigency executed by an employee of the Department "as Department Clerk." The certificate was accompanied by an affidavit of insolvency and a certificate filed by petitioner's counsel, an employee of Greater Orlando Area Legal Services, Inc. The clerk of the district court of appeal refused to accept the filings without payment of the required fee. Petitioner then asked the district court to review its own clerk's action in refusing to accept the certificate of indigency in lieu of the filing fee. After receiving briefs and hearing oral argument on the issue, the district court rendered a decision. The court held that section 57.081, Florida Statutes (Supp. 1980), as amended by chapter 80-348, Laws of Florida, applies to proceedings in appellate courts. The court also held, however, that Florida Rule of Appellate Procedure 9.430 and Florida Rule of Judicial Administration 2.040(b)(3) require that a certificate of indigency be issued by the lower tribunal itself and not by its clerk. The court explained that to obtain such a certificate a party must file an affidavit and that the attorney, if there is one, must file the certificate required by section 57.081. The district court then went further and found an implied requirement that the "attorney should include in his affidavit a statement of whether or not, to the best of his knowledge, his employer, association or agency has funds available to pay appellate filing fees." Chappell v. Florida Department of Health and Rehabilitative Services, 391 So.2d at 361. The court remanded the case to allow petitioner an opportunity to follow these procedures.
Petitioner's attorney refused to submit to the Department an affidavit pertaining to his employer's ability to pay the appellate filing fee. On the basis of this refusal the Department denied petitioner's motion to be certified as an indigent for purposes of the appeal. The district court denied review of the Department's action on the matter and ordered petitioner to pay the filing fee within fifteen days. Petitioner failed to do so, and the court dismissed the appeal.
The issue before us is whether, in order to obtain a certificate of indigency for the client, an attorney representing an indigent client in a civil matter on appeal is required to file an affidavit with the lower tribunal stating whether his employer, association, or agency has funds available to pay the client's filing fee. The applicable statute is section 57.081(1), Florida Statutes (Supp. 1980), which provides:
(1) Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge. No prepayment of costs to any judge, clerk, or sheriff is required in any action when the party has obtained from the clerk in each proceeding a certification of indigency, based on an affidavit filed with him that the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers. When the person is represented by an attorney, the affidavit shall be supported by a written certificate signed by the attorney representing the person that he has made an investigation to ascertain the truth of the applicant's affidavit and he believes it to be true; that he has investigated the nature of the applicant's position and in his opinion it is meritorious as a matter of law; and that he has not been paid or promised payment of any remuneration for his service and he intends to act as attorney for applicant without compensation. On the failure or refusal of the clerk to issue a certificate of indigency, the applicant is entitled to a review of his application for the certificate by the court having jurisdiction of the cause of action.
As the district court correctly stated, the statute plainly contemplates that indigent persons will not be required to pay the costs of pursuing legal actions in judicial and administrative proceedings. This provision includes appellate courts. Fields v. Zinman, 394 So.2d 1133, 1139 (Fla. 4th DCA 1981) (Hurley, J., concurring); Nichols v. Florida Parole and Probation Commission, 393 So.2d 13 (Fla. 1st DCA 1980); Kleinschmidt v. Estate of Kleinschmidt, 392 So.2d 66 (Fla.3d DCA 1981).
*1053 The district court was also correct in saying that in an appellate proceeding, it is the lower tribunal, and not the lower tribunal's clerk, that has the responsibility of granting a certificate of indigency. The procedure is governed by Florida Rule of Appellate Procedure 9.430[1] and Florida Rule of Judicial Administration 2.040(b)(3).[2] The district court said:
To the extent there is a conflict between the rules and the statute as to matters of procedure rather than substantive law, the rules must prevail. Therefore, the obtaining of a "certification of indigency from the clerk" of the lower tribunal will not suffice. A party seeking to obtain waiver of appellate court fees must file a motion in the lower tribunal or administrative agency, accompanied by affidavits showing his inability to pay fees. In addition, if he is represented by an attorney, the attorney must file the certificate required by Chapter 80-348. The attorney should include in his affidavit a statement of whether or not, to the best of his knowledge, his employer, association or agency has funds available to pay appellate filing fees, and the lower court or agency may consider those matters in determining whether or not the applicant is able to pay the filing fees. The lower court or agency will make these determinations, which shall be reviewable by this court pursuant to Rule 9.430.
391 So.2d at 361 (footnotes omitted).
Petitioner argues that the district court erred in that portion of its decision where it held that an indigent litigant's attorney is required to state by affidavit whether his employer or organization has funds available to pay the filing fee. He argues that this requirement is not found in the statute and cannot be created by judicial construction.
Respondent contends that the legislative policy of waiving fees for those unable to pay was not intended to apply to persons represented by publicly financed legal services organizations. Respondent asserts that since such organizations have funds budgeted for the purpose of meeting litigation costs, their clients do not properly fall into the category of persons unable to pay. Respondent would have us conclude that the district court's requirement was properly drawn from the statute by implication.
We find that the district court's requirement that the indigent's attorney certify whether his employer or organization has funds available to pay a filing fee is not authorized by the statute. Section 57.081(1) requires the attorney to file a certificate in support of the client's affidavit of indigency, but does not require the attorney to state whether there are other funds available for the payment of the fee. This requirement cannot be supplied by judicial construction.
It is true that the statute says the attorney's certificate should state "that he has not been paid or promised payment of any remuneration for his service and he intends to act as attorney for applicant without compensation." It would appear that an *1054 attorney earning a salary from a legal services organization would not be able to certify such fact unless the statutory words were construed to refer to compensation received from the client. Nevertheless the statute is clear in indicating that it is the litigant's inability to pay, and not the lack of funding from some other source, that determines whether the litigant should be granted a certificate of indigency. The statute does not recognize the status of salaried legal services lawyers as counsel for indigent persons, but neither does it authorize the courts to impose the requirement found by the district court.
We therefore quash the district court's decision dismissing petitioner's appeal. We remand with directions that the appeal be reinstated and that petitioner be allowed to ask the Department for a certificate of indigency.
It is so ordered.
OVERTON, SUNDBERG, McDONALD and EHRLICH, JJ., concur.
ALDERMAN, C.J., dissents with an opinion, with which ADKINS, J., concurs.
ALDERMAN, Chief Justice, dissenting.
I would approve the decision of the Fifth District. In my view, the requirement that the attorney include in his affidavit a statement of whether or not his employer, association, or agency has funds available to pay appellate filing fees is implicit in the language of the statute. The legislative intent, in promulgating section 57.081, was to waive costs in "any judicial or administrative proceeding" for those persons who do not have funds available to pay for those costs. But this certainly was not meant to include those whose lawyers, providing free legal services to the indigent, are employed by legal services organizations which receive funding for legal costs including filing fees from public and private sources. The legislature surely could not have intended to allocate tax dollars to an agency for the purpose of financing appeals for indigents and then to allow that agency to obtain a waiver of those costs. This amounts to placing a double burden on the taxpayers to fund the appeals of indigents. Likewise, if these associations are federally funded or funded from charitable sources, if funds are available for these costs, the agency should not be permitted to obtain a waiver of these costs.
ADKINS, J., concurs.
NOTES
[1] Rule 9.430. Proceedings by Indigents

A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing his inability to pay fees and costs or to give security therefor. If the motion is granted, the party may proceed without further application to the court and without prepayment of fees or costs in either the lower tribunal or the court or the giving of security therefor. If the motion is denied, the lower tribunal shall state in writing the reasons therefor. Review shall be by motion filed in the court.
[2] Rule of Judicial Administration 2.040 pertains to the district courts of appeal. Paragraph (b)(3) provides:

(3) Filing Fee. In all cases filed in the court, the clerk shall require the payment of a fee as provided by law at the time the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party. The payment of the fee shall not be required in habeas corpus proceedings, or appeals therefrom.