FERGUSON, Judge.
A motion for the appointment of a special process server need not allege default, disqualification or inability on the part of the sheriff to serve process.
Exchange National Bank of Chicago v. Rotocast Plastic Products, Inc., 352 So.2d 145 (Fla. 3d DCA 1977), cited by appellants, which required that a plaintiff seeking the appointment of a special process server state under oath why the civil division of the sheriff’s department could not be used to serve process, enforced a Local Rule of Practice for the Circuit Court of the Eleventh Judicial Circuit of Florida,[1] which has since been rescinded by the supreme court.[2]
That the person appointed by the court to serve the summons and complaint was not appointed by the sheriff did not require that the service be quashed. The manner of service of process is, as the phrase suggests, a matter of procedure. To the extent that Section 48.021(2),[3] Florida Statutes (1981), may conflict with Florida Rule of Civil Procedure 1.070(b)[4] on matters of procedure, the rule prevails. See Chappell v. Florida Department of Health and Rehabilitative Services, 391 So.2d 358 (Fla. 5th DCA 1980), rev’d on other grounds, 419 So.2d 1051 (Fla.1982), and cases cited therein.
The orders appointing a special process server and denying the motion to quash service of process are AFFIRMED.

. RULE 6
ORDERS FOR APPOINTMENT OF COURT OFFICERS
When an attorney requests the appointment of a process server, he shall submit a motion, under oath, stating his reasons with particularity, why he cannot use the Civil Division of the Sheriffs Department, together with an order as described in the above paragraphs.

. In Re: Local Rules, In the Supreme Court of Florida, Wednesday, December 20, 1978.

. Section 48.021 provides in part:
(2) The sheriff of each county shall appoint as many process servers as he in good faith deems necessary and who meet the requirements herein, each of whom shall be at least 18 years of age and a permanent resident of the state. The sheriff shall prescribe an ap: propriate form for application for appointment, which form shall require the signatures of two character witnesses who personally know the applicant and will vouch for his good moral character.

.Rule 1.070 provides in part:
(b) Service — By Whom Made. Service of process may be made by an officer authorized by law to serve process but the court may appoint any competent person not interested in the action to serve the process.