OTT, Chief Judge.
This is a proceeding in proper person. Appellant filed a complaint against appel-lee, his former employer, charging breach of employment contract, fraud, deceit, slander, and invasion of privacy. On October 15, 1982, the trial court granted appellee’s motion to compel discovery. Appellant timely petitioned this court for a writ of certiorari. On November 29, 1982, in conjunction with the petition for certiorari, the trial court adjudged appellant to be indigent within the meaning of section 57.081, Florida Statutes (1981), and ordered that appellant could proceed pursuant to rule 9.430 of the Florida Rules of Appellate Procedure. Appellant’s petition for certiorari was denied by this court without opinion. Fields v. Jack Eckerd Corp., 424 So.2d 768 (Fla. 2d DCA 1982). Upon remand of the case to the trial court, appellee’s motion to dismiss with prejudice was ultimately granted. Appellant timely filed his notice to appeal from the final order of dismissal on April 14,1983, without payment of filing fees. The following day, the trial court sua sponte entered an order, advising appellant that the order of insolvency in the prior “appeal” did not carry over to further appellate proceedings. The instant case involves review of the trial court’s April 15, 1983 order.
Appellant was adjudged insolvent for purposes of appellate action in the same case only 136 days prior to the filing of his second notice of “appeal.” Appellee was not given notice to requalify and no eviden-tiary hearing was held. There was no evidence, indication, or suggestion that appellant’s status as an indigent had changed. Given these facts, we think the sua sponte action of the trial court was unwarranted. Accordingly, the trial court’s April 15, 1983 order is VACATED, and appellant is granted the right to pursue his appeal in Fields v. Jack Eckerd Corp., No. 83-1338, with the concessions granted indigents in rule 9.430.
It is so ORDERED.
RYDER and LEHAN, JJ., concur.