SMITH, Chief Judge.
On appeal, Martin argues that the trial court erred in denying her motion to be certified as indigent for purposes of this appeal. While proper review of this order is by motion, see Rule 9.430, Florida Rules of Appellate Procedure, we treat the issue as if the proper remedy had been sought, see Rule 9.040(c).
We find the action of the trial court was incorrect in two respects. First, the order of denial fails to state the reasons therefor as required by the express terms of Rule 9.430. Second, appellant was declared indigent eight months prior to sentencing and an assistant public defender was appointed to represent her. At the sentencing hearing, a private attorney appeared on appellant’s behalf and moved for substitution of counsel which was granted. In the renewed motion for insolvency, counsel complied with section 57.081(1), Florida Statutes, by including an affidavit stating he had received no fee for his representation. We find the facts in this case analogous to those presented in Fields v. Jack Eckerd Corp., 439 So.2d 347 (Fla. 2nd DCA 1983), and, absent a showing of change in the status of appellant, the trial court incorrectly denied her request. We therefore reverse and remand this cause to the trial court to reconsider its decision to deny certification of appellant as an indigent.
We find the other issues presented by appellant to be without merit and we therefore affirm the adjudication of guilt and the sentence imposed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
WENTWORTH and WIGGINTON, JJ., concur.