650 So.2d 1099 (1995)
Mark Dean SCHWAB, Appellant,
v.
BREVARD COUNTY SCHOOL Board, et al., Appellees.
No. 94-2932.
District Court of Appeal of Florida, Fifth District.
February 22, 1995.
*1100 Scott W. Braden, Tallahassee, for appellant.
Mark Dean Schwab, pro se.

ON MOTION TO RECONSIDER
COBB, Judge.
Counsel for the appellant, Mark Dean Schwab, has filed, inter alia, a motion seeking reconsideration of prior orders of this court directing him to either pay a filing fee for his appeal or obtain an order of insolvency from the lower court pursuant to Florida Rule of Appellate Procedure 9.430. The proceedings in this court were commenced by Schwab's pro se filing of a "Notice of Appeal" purporting to appeal an order of the trial court dated November 14, 1994, which granted the Brevard County School Board, the defendant in a civil action below, "leave of court to take the deposition of prisoner, Mark Dean Schwab."[1] We have not been furnished a copy of that order, but apparently a copy must have been sent to Schwab, an inmate on death row, who was convicted of the murder giving rise to the instant civil litigation against the School Board by the parents of the minor victim. Schwab is not a party to that civil action.
On January 25, 1995, counsel for the School Board issued a notice of taking Schwab's deposition by written questions on February 23, 1995. Schwab's present counsel, who represent him in the criminal case, are concerned that the deposition concerning the facts surrounding the crime for which he received the death penalty, contravenes his Fifth Amendment rights against self-incrimination.
It is not at all clear from the record before us that Schwab had any opportunity to oppose the entry of the November 14, 1994, order prior to its entry. It is clear, however, that if Schwab wishes to seek a protective order in regard to any or all of the questions posed in the notice of January 25th, his motion in that regard must be addressed to the trial court and not to us. In the event that Schwab declines to answer any or all of the proffered questions, his refusal may give rise to a motion to compel, which again would be the initial province of the trial court. After the trial court rules on such matters as protective orders and motions to compel, those rulings may be subject to review by this court upon proper application.[2] But we will not intercede in discovery issues before they are presented to the trial court. In the instant case there has been no objection to any specific question posed to Schwab, and no trial court ruling thereon. *1101 Accordingly, this "appeal"  actually, a misnomered and premature motion for a protective order  would necessarily be dismissed on jurisdictional grounds even if Schwab were to pay the appellate filing fee.
The predicate issue before this court, however, is the matter of the filing fee in an appeal prosecuted by a person asserting indigency. Schwab contends that under a 1994 amendment to section 57.081(1), Florida Statutes,[3] an indigent person, who is represented by counsel, is exempt from paying filing fees or costs upon the filing of a certificate of indigency by counsel. Schwab argues that the amendment to the statute has lifted the burden of determining indigency from the circuit court and when a represented indigent person seeks relief in an appellate court the filing of a certificate of indigency in the appellate court is sufficient to exempt the indigent person from costs.
We disagree. This court in Chappell v. Department of Health and Rehabilitative Services, 391 So.2d 358 (Fla. 5th DCA 1980), rev'd after remand on other grounds, 419 So.2d 1051 (Fla. 1982) held that a party seeking to obtain a waiver of appellate court fees must file a motion in the lower tribunal accompanied by affidavits showing his inability to pay fees and if the party is represented by an attorney the attorney must file a certificate of indigency in the lower tribunal. An order of insolvency from the lower tribunal is required for waiver of appellate fees.
In Chappell, this court rejected the argument that an indigent party was entitled to waiver of costs by the filing in this court of a clerk's certificate of indigency and certificate of indigency by the party's attorney. It was held that the indigent party was required to obtain an order of indigency from the lower tribunal even though section 57.081(1), Florida Statutes (1980),[4] did not specifically provide for such a requirement. The court determined that while as a matter of substantive law an indigent party is entitled to a waiver of costs, the process of determining indigency is a procedural matter which is governed by the rules promulgated by the Florida Supreme Court.
Section 57.081(1), Florida Statutes, as amended in 1994,[5] provides that when an *1102 indigent person is represented by an attorney the person is not required to file an affidavit and a certificate of indigency filed by the person's attorney is sufficient. This statute differs from the earlier version which required an indigent person represented by an attorney to file an affidavit supported by a certificate from the person's attorney. The earlier version of section 57.081(1), Florida Statutes, did not specify where the determination of indigency be made. The amendments to the statute reflect a change in the requirements an indigent person must meet in order to be exempt from payment of charges under the section. The amendments do not affect where such a determination must be made nor do they affect our holding in Chappell.
As in Chappell, section 57.081(1), Florida Statutes (1994) establishes the indigent person's exemption from certain costs. However, the amended statute is not conclusive as to where such a determination of indigency is to be made. This question is procedural and the rules promulgated by the Florida Supreme Court prevail.
Florida Rule of Appellate Procedure 9.430 provides:
A party who has the right to seek review without the payment of costs shall file a motion in the lower tribunal, with an affidavit showing the party's inability either to pay fees and costs or to give security therefor. If the motion is granted, the party may proceed without further application to the court and without either prepayment of fees or costs in either the lower tribunal or court or the giving of security therefor. If the motion is denied, the lower tribunal shall state in writing the reasons therefor. Review shall be by motion filed in the court. (Emphasis added).
Florida Rule of Judicial Administration 2.040(b)(3) provides:
In all cases filed in the court, the clerk shall require the payment of a fee as provided by law at the time the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party... . (Emphasis added).
Both of these rules contemplate some action being taken by the lower tribunal.
For the foregoing reasons we deny the multifarious motions for relief filed herein by Schwab and dismiss the instant appeal.
APPEAL DISMISSED.
HARRIS, C.J., and DAUKSCH, J., concur.
NOTES
[1] Presumably, the order entered by the trial court was obtained pursuant to Florida Rule of Civil Procedure 1.310(a), pertaining to the deposition of a person confined in prison.
[2] Generally, a non-party may seek review of a discovery order directed to it at the proper time by way of certiorari. See South Florida Blood Service, Inc. v. Rasmussen, 467 So.2d 798 (Fla. 3d DCA 1985), approved, 500 So.2d 533 (Fla. 1987).
[3] Amended by Ch. 94-348, § 18, Laws of Florida, effective June 3, 1994.
[4] Section 57.081(1), Florida Statutes (1980) provided:

(1) Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge. No prepayment of costs to any judge, clerk, or sheriff is required in any action when the party has obtained from the clerk in each proceeding a certification of indigency, based on an affidavit filed with him that the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers. When the person is represented by an attorney, the affidavit shall be supported by a written certificate signed by the attorney representing the person that he has made an investigation to ascertain the truth of the applicant's affidavit and he believes it to be true; that he as investigated the nature of the applicant's position and in his opinion it is meritorious as a matter of law; and that he has not been paid or promised payment of any remuneration for his service and he intends to act as attorney for applicant without compensation. On the failure or refusal of the clerk to issue a certificate of indigency, the applicant is entitled to a review of his application for the certificate by the court having jurisdiction of the cause of action.
[5] The amended section 57.081(1), Florida Statutes (1994), provides:

(1) Any indigent person who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge. Such services are limited to filing fees, service of process, certified copies of orders or final judgments, a single photocopy of any court pleading, record, or instrument filed with the clerk, examining fees, mediation services and fees, court-appointed counsel fees, subpoena fees and services, service charges for collecting and disbursing funds, and any other cost or service arising out of pending litigation. In any appeal from an administrative agency decision, for which the clerk is responsible for preparing the transcript, the clerk shall waive the cost of preparing the transcripts and the cost for copies of any exhibits in the record. No prepayment of costs to any judge, clerk, or sheriff is required in any action when the party has obtained from the clerk in each proceeding a certification of indigency, based on an affidavit of the applicant claiming that the applicant is indigent and unable to pay the charges otherwise payable by law to any of such officers and providing the details of the applicant's financial condition. However, when the person is represented by an attorney, the person need not file an affidavit in order to be exempt from payment of charges under this subsection. A represented person is exempt from charges under this subsection, if the attorney of such person files a written certificate, signed by the attorney, certifying that the attorney has made an investigation to ascertain the financial condition of the client and has found the client to be indigent; that the attorney has investigated the nature of the applicant's position and in the attorney's opinion it is meritorious as a matter of law; and that the attorney has not been paid or promised payment of any remuneration for services and intends to act as attorney for applicant without compensation. On the failure or refusal of the clerk to issue a certificate of indigency the applicant is entitled to a review of the application for the certificate by the court having jurisdiction of the cause of action.