ALTENBERND, Judge.
Marjorie Keene filed a petition with this court requesting certiorari review of a nonfinal order relating to discovery. We dismiss this proceeding because the petition, which is facially insufficient, was not accompanied by either a filing fee or an order of indigency. This court gave petitioner’s counsel an opportunity to prove his client’s indi-gency status, and he has failed to either obtain an order from the trial court or file a sufficient motion and affidavit with this court. Under any interpretation of section 57.081, Florida Statutes (Supp.1994), or Florida Rule of Appellate Procedure 9.430, petitioner’s counsel has not established a basis for an order of indigency.
Because the conflict between the procedure described in section 57.081 and the procedure required by rule 9.430 is sometimes confusing for appellants and petitioners, we take this opportunity to describe the established procedures for filing appeals and original proceedings for indigent clients in civil *42 cases.[1] As this case demonstrates, failure to follow these procedures may result in the dismissal of an appellate proceeding.
I. MS. KEENE’S PETITION FOR CERTIORARI
Ms. Keene is a plaintiff in a personal injury action. The petition filed in this court represents that she was injured in an automobile accident caused by Joseph Nudera’s negligence. In discovery, the defendant allegedly sought information concerning Ms. Keene’s prior medical treatment, including treatment relating to a mental or emotional condition. Ms. Keene filed a motion for protective order to prevent disclosure of “medical care unrelated to injuries claimed.” The trial court entered an order requiring the plaintiff to answer interrogatories, respond to a request for production, and attend a deposition. The trial court’s order requires the attorneys to maintain the privacy of information relating to any emotional or mental condition, as well as any unrelated physical condition, unless they are authorized to disclose the information by a future court order. The order further provides for in camera inspection of certain documents prior to discovery. Ms. Keene’s petition asks this court to issue a writ of certiorari quashing the discovery order to the extent that it allows discovery of medical issues “beyond the scope of the injuries claimed in the underlying automobile negligence action.”
If Ms. Keene’s attorney had properly filed this petition with either a filing fee or an order of indigency, we would have summarily denied the petition without issuing an order to show cause. The two-page petition was not accompanied by an appendix as required by Florida Rule of Appellate Procedure 9.100(e). Instead, Ms. Keene’s attorney attached to the petition: (1) a copy of a motion for protective order, (2) a discovery order entered within thirty days of the petition, and (3) another discovery order entered several months earlier. We could not enter an order narrowing the scope of discovery to injuries caused in the automobile accident because we have no pleadings or evidence from the trial court to establish that an automobile accident occurred, let alone to establish what, if any, injuries Ms. Keene sustained in that accident. Even accepting at face value the representations in the short petition, there is no reason to conclude that the trial court’s order limiting discovery in favor of Ms. Keene departs from the essential requirements of the law.
Our disposition of this matter has been delayed because Ms. Keene’s attorney filed the petition without paying a filing fee or obtaining an order of indigency. The failure to pay a filing fee on time is not jurisdictional. Fla.RApp.P. 9.040(h). Thus, this court accepts a notice of appeal or a petition that commences an appellate proceeding, even if we receive no filing fee. We do not rule upon the merits of such an appeal or petition until the fee either has been paid or has been waived by an order of indigency. If the issue of the filing fee is not resolved by the appellant or petitioner after notice from this court, the proceeding is dismissed without a ruling on the merits.
Most attorneys who file an appellate proceeding for an indigent client obtain an order of indigency from the trial court in the thirty days between rendition of the relevant order and the expiration of the time for the filing of an appellate proceeding. Occasionally, an attorney will submit a letter with the notice of appeal or with the petition in an original proceeding, explaining that the order has not yet been entered, but will be provided in the near future.
By contrast, on at least ten prior occasions in the last twenty-five months, David Solomon, the attorney who represents Ms. Keene, has filed appellate proceedings in this court without a fee or an order of indigency.[2] *43 On each occasion, this court has ordered Mr. Solomon to either pay the filing fee, or establish indigency. These orders have resulted in delay and confusion in several appeals. In addition to the possible harm to the litigants, this process has been time-consuming and expensive for this court.
In Ms. Keene’s case, Mr. Solomon moved for an extension of time to comply with the court’s order on fees because his client had “recently not been easily available.” When this court ordered him to appear to show cause why sanctions should not be imposed under rules 9.040(h) and 9.410, he filed a document entitled “affidavit” and signed by Ms. Keene, stating that she is “without gainful employment, any income, or any assets,” and that she is “currently residing with family and/or friends, who do not charge [her] rent.”[3] Significantly, this document contains no formal oath and does not employ the standard language of an affidavit. See § 92.525, Fla.Stat. (1993). The format of the affidavit would not be acceptable, even if it had been prepared and submitted by a prisoner untrained in the law. State v. Shearer, 628 So.2d 1102 (Fla.1993); Fla.R.Crim.P. 3.987. It is apparent from Mr. Solomon’s presentation at the hearing on the order to show cause that he is not willfully disobeying our orders, but he does not understand the basic procedures for establishing indigency status in an appellate proceeding.
Because we have given Ms. Keene an opportunity to establish her right to an appellate proceeding without the payment of a filing fee, and because it is apparent that she would be entitled to no relief even if we gave her a greater opportunity to establish her indigency, we dismiss this proceeding.
This court has the power to fine David Solomon for his repeated failure to comply with rule 9.040(h). See Fla.RApp.P. 9.410; In re Sanctions, 495 So.2d 187 (Fla. 2d DCA 1986). We conclude, however, that a fine is not the most productive solution to this problem. In lieu of a fine, Mr. Solomon is ordered to obtain a minimum of ten continuing legal education hours in appellate practice or procedure, in addition to the continuing legal education required by rule 6-10.3 of the Rules Regulating The Florida Bar, during the next twelve months, and provide proof of that education to the clerk of this court.
II. THE PROCEDURE FOR OBTAINING INDIGENCY STATUS IN A CIVIL APPELLATE PROCEEDING
Prior to 1980, a litigant did not have a substantive right to appeal an action without the payment of a filing fee. Hillman v. Federal Nat’l Mortgage Ass’n, 375 So.2d 336 (Fla. 4th DCA 1979), cert, denied, 385 So.2d 758 (Fla.1980); Lee v. City of Winter Haven, 386 So.2d 268 (Fla. 2d DCA 1980). In chapter 80-348, Laws of Florida, the legislature created a statutory right for an indigent person to gain such access to Florida’s appellate courts. Kleinschmidt v. Estate of Kleinschmidt, 392 So.2d 66 (Fla. 3d DCA 1981); see also Fields v. Zinman, 394 So.2d 1133 (Fla. 4th DCA 1981) (Hurley, J. concurring), review dismissed, 417 So.2d 329 (Fla.1982). That right is codified in section 57.081(1), Florida Statutes (Supp.1994).
In addition to giving indigent litigants a substantive right to the waiver of appellate filing fees, section 57.081(1) describes a procedure for obtaining a certificate of indigency from the clerk of court. A 1994 amendment to the statute purports to allow the clerk to issue its certificate on an attorney’s certification instead of a party’s affidavit. Ch. 94-348, Laws of Fla.; § 57.081, Fla.Stat. (Supp. *44 1994). The statute allows an appeal of a clerk’s denial of a certification to the “court having jurisdiction of the cause of action.”
The legislature’s suggested procedure might be workable, but it conflicts with established rules of judicial procedure. Only the supreme court has the constitutional power to adopt rules for the practice and procedure in all courts. Art. II, § 3, Art. V, § 2, Fla. Const. (1968); Markert v. Johnston, 367 So.2d 1003 (Fla.1978).
Florida Rule of Appellate Procedure 9.430 states:
A party who has the right to seek review without payment of costs shall file a motion in the lower tribunal, with an affidavit showing the party’s inability either to pay fees and costs or to give security therefor. If the motion is granted, the party may proceed without further application to the court and without either the prepayment of fees or costs in the lower tribunal or court or the giving of security therefor. If the motion is denied, the lower tribunal shall state in writing the reasons therefor. Review shall be by motion filed in the court.
Florida Rule of Judicial Administration 2.040(b)(3) states:
(3) Filing Fee. In all cases filed in the court, the clerk shall require the payment of a fee as provided by law at the time the notice, petition, or other initial pleading is filed. The payment shall not be exacted in advance in appeals in which a party has been adjudicated insolvent for the purpose of an appeal or in appeals in which the state is the real party in interest as the moving party. The payment of the fee shall not be required in habeas corpus proceedings or appeals therefrom.
It is well established that the statutory procedure of obtaining a clerk’s certificate is not sufficient to comply with these rules of judicial procedure. Chappell v. Florida, Dep’t of Health & Rehabilitative Servs., 391 So.2d 358 (Fla. 5th DCA 1980), rev’d, on other grounds after remand, 419 So.2d 1051 (Fla. 1982). The above-quoted rules of judicial procedure require an order based on an affidavit. If the lower tribunal denies the motion, it must state the reasons for denial in writing. That decision is then reviewable by the appellate court. The 1994 statutory amendment does not change these rules of judicial procedure. See Schwab v. Brevard County School Bd., 650 So.2d 1099 (Fla. 5th DCA 1995).
It is arguable that the 1994 statutory amendment alters the substantive requirements for an order of indigency. In lieu of a client’s affidavit, the statute suggests that the clerk may issue its (invalid) certificate of indigency if the client’s attorney certifies that he or she
has made an investigation to ascertain the financial condition of the client and has found the client to be indigent; that the attorney has investigated the nature of the applicant’s position and in the attorney’s opinion it is meritorious as a matter of law; and that the attorney has not been paid or promised payment of any remuneration for services and intends to act as attorney for applicant without compensation.
§ 57.081(1), Fla.Stat. (Supp.1994). The question remains whether the court may or must issue an order of indigency based upon such a certificate when the evidence of indigency is entirely hearsay.
In this case, we do not need to resolve whether the court must issue an order on the basis of such hearsay. Suffice it to say that a lawyer who performs the steps necessary to prepare such an onerous certificate will usually find it easier and safer to obtain an affidavit from the client. The suggested forms we append to this opinion do not rely upon an attorney’s certificate.
A. Direct Appeals of Final or Nonfinal Orders.
Ms. Keene did not file a direct appeal of a final or non-final order in this civil case. If she had, this court’s standard procedure would have required that she obtain an order of indigency from the circuit court, as the “lower tribunal.” Generally, this court does not accept as sufficient a trial court’s order of indigency entered at the inception of a civil case unless the appellate proceeding is commenced within six months of that order. See Fields v. Jack Eckerd Corp., 439 So.2d *45 347 (Fla. 2d DCA 1988).[4] An attorney who plans to appeal an order for an indigent client must timely file a motion in the trial court requesting an order of indigency for purposes of appeal. That order must be obtained either before filing the notice of appeal or shortly thereafter. If the indigen-cy order is not obtained prior to the commencement of the appeal, the attorney should advise this court in writing concerning the status of that order. Attorneys should be aware the rules of appellate procedure do not require the lower tribunal to automatically send this court a copy of such an order. It is the appellant’s responsibility to provide this court with a copy of the order of indigen-cy. This court will normally dismiss an appeal after thirty days’ notice if the filing fee is not paid or an order of indigency is not filed.
B. Original Proceedings.
Ms. Keene filed a petition for writ of cer-tiorari, an “original” proceeding under Florida Rule of Appellate Procedure 9.100. The procedure for obtaining an order of indigency in an original proceeding is slightly different.
The great majority of original proceedings seek review of orders entered by circuit courts, as “lower tribunals,” and all parties in the lower tribunal become parties in the appellate proceeding. Fla.R.App.P. 9.100(b). In fight of the language in rule 9.480, we conclude that a circuit court, as the lower tribunal, is authorized to enter an order of indigency for an original proceeding, just as it must resolve that issue for a direct appeal of a final or nonfinal order.
In some eases, an original proceeding is not filed to review a circuit court order, but to challenge the decision of another governmental entity that is defined as a “lower tribunal,” but is not a typical judicial forum. See Fla.R.App.P. 9.020(d). In other cases, especially those involving petitions for mandamus or prohibition, it may not be feasible to obtain an order of indigency from the lower tribunal. To assure access to this court, we allow petitioners to file their motion for an order of indigency, along with a sufficient affidavit, in this court even when a “lower tribunal” may exist.
If the motion is filed in this court, it should accompany the petition. As with direct appeals, an original proceeding will normally be dismissed after thirty days’ notice if the fifing fee is not paid or a sufficient motion and affidavit has not been filed with this court.
Neither the Florida Rules of Appellate Procedure nor the most frequently used Florida practice manuals contain forms useful in obtaining an order of indigency for appeal. To assist the trial courts with this process and to assist petitioners in this court, we append to this opinion a form affidavit and order that, while not mandated by this court, should be helpful in complying with section 57.081(1) and rule 9.430.
Petition for writ of certiorari dismissed.
RYDER, A.C.J., and LAZZARA, J., concur.
*46 APPENDIX
[[Image here]]
ORDER DETERMINING INDIGENCY FOR PURPOSE OF APPEAL
THIS CAUSE came on for hearing upon the plaintiff's motion for an order of indigency for purposes of appeal. This court having reviewed the motion and the attached affidavit, determines that:
[ ] The plaintiff’ is currently indigent for the purposes of section 57.081 (1),,Florida Statutes, and is entitled to proceed in the appellate court without further application to the court and without either the prepayment of fees or costs in this tribunal or the giving of security therefor.
[ ] The plaintiff is not currently indigent for the purposes of section 57.081(1), Florida Statutes, and is not entitled to proceed in the appellate court without the payment of *47 appellate fees and costs. This court denies the plaintiff's motion for the following reasons:

(Provide written reasons as required by rule 9.430)

ORDERED at _, Florida, on_, 199_.
Judge
cc: attorneys of record clerk, court of appeal
*48 [[Image here]]
*49 [[Image here]]

. The conflict between these procedures is not the reason.for the dismissal or the sanctions in this case. Petitioner’s counsel did not attempt to use the unauthorized procedure described in the statute. He failed to take reasonable steps to establish indigency in this court after he was ordered to do so.

. Polk v. State, No. 93-1032 (filed March 26, 1993, fee waived on June 8, 1993); Calley v. State Farm Ins. Co., No. 93-1438 (filed April 30, 1993, fee paid on May 24, 1993); Poole v. CF Industries, No. 93-1862 (filed June 8, 1993, dismissed for failure to pay fee or obtain order of indigency); Finley v. Villanti, No. 93-3761 (filed *43 November 8, 1993, voluntarily dismissed without payment of fee); Fernandes v. Boisvert, No. 93-4000 (filed December 1, 1993, indigency order finally obtained from trial court on August 18, 1994); Hurst v. Yamaha Motor Co., No. 94-938 (filed March 24, 1994, fee paid on May 20, 1994); Poole v. CF Industries, No. 94-1057 (filed April 13, 1994, fee paid on May 20, 1994); Motzne v. Clearwater Realty, No. 94 — 1694 (filed May 17, 1994, fee paid August 15, 1994); Breen v. Huntley Jiffy Stores, No. 94-2371 (filed July 12, 1994, fee never paid, but case dismissed due to untimely notice of appeal); Anthony v. Allstate Ins. Co., No. 94-2661 (filed August 3, 1994, fee paid November 3, 1994).

. We note that the affidavit does not state whether she has been declared indigent for any purpose in the trial court. Based on our record, we assume that she paid a filing fee in the trial court.

. If an appellant files in this court an order of indigency entered in the lower tribunal prior to the date of the order on appeal, the appellee may challenge the order by filing a motion in this court requesting a new determination of indigen-cy in the lower tribunal. Such a motion should be based upon a substantial change in the appellant’s financial condition after the entry of the earlier order.