WALLACE, Judge.
Amber Jachimski petitions this court for a writ of certiorari quashing the circuit court’s order dismissing her appeal from her conviction in county court on a single charge of trespassing. We treat the petition as a petition for writ of mandamus and grant the petition. See Schmidt v. Crusoe, 878 So.2d 361, 363 (Fla.2003) (discussing the use of mandamus in cases involving indigency status and filing fees).
I. PROCEDURAL HISTORY OF THIS CASE
Ms. Jachimski was found guilty in a bench trial in county court of the offense of “Trespass in City Park after Hours,” a violation of a city ordinance, and was fined $118. Her judgment and sentence were rendered on August 29, 2013. Ms. Jachim-ski filed a timely notice of appeal to the circuit court. The notice was filed by her pro bono attorney, who is employed by a pro bono legal aid firm. On October 8, 2013, the circuit court issued an “Order to Pay Filing Fee and Notice of Intent to Dismiss Appeal.” The order recited that Ms. Jachimski “has applied for indigent status and has not been found indigent” and advised her that she could either (1) “pay the appropriate filing fee or establish a payment plan with the Clerk of Circuit Court within ten (10) days of the date of this order” or, (2) “file an affidavit of indigence with the Clerk of the Circuit Court within ten (10) days of the date of this signed order.”
In response to this order, Ms. Jachimski filed a “Motion for Determination of Indi-gency for Costs and for Waiver of Appellate Filing Fee” in accordance with section 27.52(5), Florida Statutes (2012), along with the required application for criminal indigent status. The application was accompanied by an affidavit prepared by Ms. Jachimski’s pro bono attorney. The affidavit indicated that the firm was currently representing Ms. Jachimski, pro bono, in cases both in the county court and on appeal in the circuit court. Ms. Jachim-ski’s application indicated that she had no assets or income from any source.
In an order dated November 1, 2013, the circuit court denied Ms. Jachimski’s motion. The order, entitled “Order Denying Motion for Determination of Indigency for Costs and for Waiver of Appellate Filing Fee,” recited that “[fjiling fees in appellate proceedings ... must be deferred not waived. This deferral is mandated by several statutes, which are outlined below.”[1] The order directed Ms. Jachimski to either pay the filing fee or to establish a payment plan with the clerk of circuit court within thirty days of the date of the order. The order did not contain any findings or con- *304 elusions with regard to Ms. Jachimski’s request for determination of indigency status. Ms. Jachimski filed a motion for reconsideration which was denied without explanation. Ms. Jachimski then filed a motion for clarification of the order denying her motion for reconsideration. This too was denied without comment.
Shortly thereafter, on January 28, 2014, the circuit court issued another “Order to Pay Filing Fee and Notice of Intent, to Dismiss Appeal.” This order was identical in all respects with the similarly titled order dated October 8, 2013. On March 11, 2014, the circuit court issued an order dismissing Ms. Jachimski’s appeal. The order of dismissal recounted the procedural history of the case and explained that Ms. Jachimski’s appeal had been dismissed because she had failed to comply with the circuit court’s orders requiring her to pay “the appropriate filing fee or establish a payment plan with the Clerk of the Circuit Court.”
II. DISCUSSION
Section 57.081(1), Florida Statutes (2012), states:
Any indigent person ... who is a party or intervenor in any judicial or administrative agency proceeding or who initiates such proceeding shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, despite his or her present inability to pay for these services.... A party who has obtained a certification of indigence pursuant to s. 27.52 or s. 57.082 with respect to a proceeding is not required to prepay costs to a court, clerk, or sheriff and is not required to pay filing fees or charges for issuance of a summons.
“Any judicial or administrative agency proceeding” includes appellate proceedings. Chappell v. Fla. Dep’t of Health & Rehab. Servs., 419 So.2d 1051, 1052 (Fla.1982); see also Ledger v. City of St. Petersburg, 135 So.3d 496, 498-99 (Fla. 2d DCA 2014) (granting petition for writ of mandamus to compel circuit court to grant fee waivers to appellants in a civil case); Keene v. Nudera, 661 So.2d 40, 43 (Fla. 2d DCA 1995) (holding that section 57.081(1) gives “indigent litigants a substantive right to the waiver of appellate filing fees”); accord Wagner v. McDonough, 927 So.2d 216, 217 (Fla. 1st DCA 2006) (quashing an order imposing a lien for costs and fees associated with an appeal from a disciplinary action taken against the defendant by the Department of Corrections).
We note that the original order of October 8, 2013, denying Ms. Jachimski’s motion states “the court also finds that Petitioner has applied for indigency status and has not been found indigent.” However, it appears to us that this line is part of a standard form letter used when an appellant has not yet filed the proper forms. This is supported by the language of the order itself, which informs the appellant that she “may alternatively, if appropriate, file an affidavit of indigence with the Clerk of circuit court within ten (10) days of the date of this signed order.” Ms. Jachimski complied with this directive, but there is no indication in the appendix filed by Ms. Jachimski with her motion that the circuit court ever actually considered her application for indigency status. In addition, based on the affidavit filed by Ms. Jachim-ski’s pro bono counsel, it appears that she has already been afforded indigency status in other cases in the same county and circuit. Nevertheless, we cannot be sure based on our review of the documents filed with this court whether a final determination of Ms. Jachimski’s indigency status has or has not yet been made in this case.
We grant the petition for writ of mandamus. On remand, the circuit court or its *305 clerk shall — if this has not already been done — consider Ms. Jachimski’s petition for determination of indigency. If the motion is denied, the circuit court or its clerk shall enter a written order explaining its reasons for the denial. See Fla. R. App. P. 9.430; Stanley v. Berry, 933 So.2d 1219, 1220 (Fla. 1st DCA 2006) (noting the circuit court’s compliance with rule 9.430 by providing written reasons for its denial of the appellant’s motion for order of insolvency); cf. Drayton v. Moore, 807 So.2d 819, 823 (Fla. 2d DCA 2002) (reversing an order of dismissal with directions to reconsider the appellant’s indigency status and requiring written reasons to support a finding that that the appellant was not indigent). If the motion is granted, the circuit court shall waive Ms. Jachimski’s appellate filing fee.
Petition granted, order quashed, and cause remanded for further proceedings.
CASANUEVA and SLEET, JJ„, Concur.

. The statutes relied upon by the circuit court in denying Ms. Jachimski’s motion were sections 34.041(5), 28.241(2), and 28.246(4), Florida Statutes (2013). Sections 34.041(5) and 28.241(2) contain language indicating that if a party is determined to be indigent, the clerk shall defer payment of the fee. Section 28.246(4) states, "The clerk shall enter into a payment plan with an individual who the court determines is indigent for costs."